Decided March 23, 1907.

**Bias of Witness—Proof.**

It is permissible for one party to a suit to prove by the opposite party when testifying in his own behalf that it was his belief that any man working for a railroad or corporation, or any man who was interested in the controversy would bend his testimony according to his interest.

Appeal from the District Court of Grayson County. Tried below before B. L. Jones.

*C. H. Yoakum* and *Head, Dillard & Head,* for appellant.

*Jno. T. Suggs* and *Randell & Wood,* for appellee.

BOOKHOUT, Aѕѕᴏᴄɪᴀᴛᴇ Jᴜѕᴛɪᴄᴇ.—In July, 1904, I. F. Sproule was a United States railway postal clerk. His route in the course of his duties lay between Denison, Texas, and Monett, Missouri. On the 13th day of that month, about 4 or 5 o'clock in the morning, a northbound train on which he was riding, engaged in the discharge of his duties, was derailed near a place called Red Fork, in the Indian Territory. The mail car was turned across the track almost at right angles and he received some hurts, on account of which this suit is brought. The allegations of negligence against the defendant were a soft, ill-ballasted and defective roadbed, defects in the engine and tender, and the operation of the train at a dangerous rate of speed over the track, to wit, at 30 miles an hour. The damages were laid in the sum of $2,000. The defendant answered by a general denial, pleas of assumed risk and contributory negligence. A trial resulted in a verdict and judgment for plaintiff and defendant appealed. This is the second appeal in this case, the opinion on the first appeal may be found in 91 Southwestern Reporter, page 697.

*Opinion.*—We have carefully examined the several assignments of error presented in the brief of appellant and are of the opinion that reversible error is pointed out by the second assignment. This assignment complains of the action of the court in the exclusion of testimony. On the trial of the cause the defendant offered to prove by plaintiff,

and he would have so testified, that on the former trial of the case and while a witness in his own behalf, he testified that it was his belief that any man working for a railroad or corporation, or any man who was interested in a matter would bend his testimony according to his interest. This testimony was objected to as irrelevant and immaterial. The objection was sustained, the testimony excluded and a bill of exception taken and the ruling made the ground of the second assignment of error. It is contended that there was error in excluding this testimony. Neither party has cited authority directly in point on this contention. The appellee insists, as we understand his contention, that a court or jury may properly believe that the employment of a witness by a party to the litigation, or the interest of the witness in the litigation will cause him to bend his testimony accordingly; and that the evidence only tends to prove matter that in the absence of proof the jury may take into consideration. The jury, it is true, are the judges of the credibility of the witnesses and the weight to be given their testimony, and it is proper for the jury in determining these matters to take into consideration the interest of the witness in the litigation. Our statute, however, provides that the judge in charging the jury shall not comment on the weight of evidence; it would not be proper therefore for a trial judge to charge, as may be done in some jurisdictions, notably the courts of the United States, that in determining the weight to be given to the testimony of a witness they may consider his interest in the litigation. His interest is a matter which the jury may, or may not, under all the facts believe has influenced his testimony. It is to be presumed that the witness will testify to the truth whether interested or not in the litigation. His interest in the litigation is a circumstance which may be shown to determine the weight to be placed on his testimony. If a witness interested in the litigation believes that any person working for a railroad or corporation will, in a suit against such railroad or corporation, or that any man who is interested in a suit, will bend his testimony according to his interest, such belief is a circumstance which the adverse party is entitled to have go to the jury for their consideration in determining the weight to be given his testimony, and in determining whether the witness in the case then on trial is bending his testimony to his own interest. We hold that it was error to exclude the testimony. No other reversible error has been pointed out.

For the error indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*