W. F. HORSEY v. C. E. SLAYTON & COMPANY ET AL.

Decided June 29, 1907.

**Practice—Causing Jury to Retire.**

During the trial of a cause and while the witnesses were under rule, a personal difficulty occurred between one of the defendants and one of plaintiff's material witnesses. Immediately thereafter the witness left the court house and county without the court's permission. Plaintiff's contention was that the defendant had made an assault upon the witness for the purpose of intimidating him, and purposed questioning the defendant on this point when he was on the

witness stand. Defendant's counsel objected on the ground that it was irrelevant and immaterial. The jury were retired by the court, and the defendant, upon examination by plaintiff's counsel, explained how the difficulty came about and expressly denied that the assault was made for the purpose of intimidating the witness; whereupon the judge sustained the objection and refused to allow the defendant to be examined upon the subject in the presence of the jury. Held, error. It was the province of the jury and not of the judge to pass upon the purpose of the assault and the credibility of the witness. (Chief Justice Rainey dissenting.)

Appeal from the County Court of Ellis County. . Tried below before Hon. F. L. Hawkins.

*T. H. Collier* and *C. M. Supple,* for appellant.—The refusal of the trial court to permit appellant to cross-examine appellee, Ernest Slayton, before the jury as to his motive in making the assault on witness Hilburn, was an abridgment of appellant's right to a trial by a jury, and a violation of art. 1, sec. 15, of the Constitution of Texas, and of art. 3187 of Sayle's Revised Civil Statutes of Texas, and was reversible error.

The action of the court in passing on the issue of fact as to the motive of appellee Ernest Slayton in making this assault on witness Hilburn, and refusing to permit the jury to do so, was a clear violation of art. 1317 of Sayle's Revised Civil Statutes requiring the trial judge to submit all issues of fact solely to the jury for determination. Hamburg v. Wood, 66 Texas, 168; Receivers of International & G. N. Ry. Co. v. Armstrong, 4 Texas Civ. App., 147.

*W. H. Brown, S. H. Jack* and *Templeton & Harding,* for appellees.

RAINEY, CHIEF JUSTICE.—The question involved in this suit involves the priority of mortgages. The controversy being between W. F. Horsey and C. E. Slayton & Company, Slayton & Company won below and Horsey appeals.

The only proposition on which a majority of the court hold that the cause should be reversed and remanded is, in effect, that the trial court erred in retiring the jury when Ernest Slayton was testifying as to an assault on one Hilburn, a witness for defendant. The following bill of exception, with the court's explanation appended, shows the point involved, to wit:

"Be it remembered that on the trial of the above styled and numbered cause in the above court at the September Term, 1906, thereof, the defendants placed the defendant Ernest Slayton on the stand and after he was turned over to the plaintiff to be cross-examined, the plaintiff asked the said Ernest Slayton was it not a fact that after the witnesses in this case for the plaintiff and the defendant had been sworn and placed under the rule that he, Ernest Slayton, made an assault on witness L. L. Hilburn, one of the witnesses for the plaintiff, who had been sworn and placed under the rule by the court, to which question the defendants then and there objected on the ground that it was immaterial and irrelevant and the court sustained said objection, sending the jury out during the discussion of the question, the plaintiff then and there excepting

to the ruling of the court, and the plaintiff then and there stating in open court that he could prove by said witness that the said witness, Ernest Slayton, and the witness Hilburn, one of the witnesses for the plaintiff, had gotten into a difficulty; that the said witness Ernest Slayton had struck and assaulted the said witness Hilburn and that said witness Hilburn, the night previous, without the knowledge or consent of the plaintiff's attorneys or plaintiff, and without permission of the court, had left Ellis County, and had taken a train at Waxahachie and had gone to the Indian Territory. Plaintiff then and there stating to the court that he expected by cross examination to elicit and bring out of defendant Ernest Slayton, that he, Ernest Slayton, accosted said Hilburn, witness for plaintiff, on the pretext of asking the witness to pay an account said Hilburn was owing C. E. Slayton & Company, but in truth he, Slayton, used this as a pretext to raise a difficulty with said witness, and then to assault and beat said witness and to intimidate him and run said witness off and thus prevent said witness testifying for plaintiff, all of which actually occurred, which he otherwise would have done and would have testified for plaintiff had he been placed on the witness stand that the mules were sold by plaintiff to Virge Murray, but it was a conditional sale, whereupon the court asked defendant Ernest Slayton if anything was said by him or said Hilburn at or just before the difficulty about anything other than the account he was dunning said Hilburn for; the said Slayton answering 'No,' whereupon the court refused to permit plaintiff's attorneys to ask any questions tending to prove any of the above matters or continue this line or character of cross-examination, to which action of the court the plaintiff then and there excepted and here tenders his bill of exception and asks that it be allowed and filed.

                                    T. H. Collier, Skinner & Supple;
Bill No. 2.                              Attys. for Plaintiff.
    "This bill is allowed by the court with the following qualification: When the said question was propounded to the said witness and the objection made thereto, the jury was retired, and the said witness was examined at length on the said matters by the counsel for plaintiff, and positively denied that he had any intention of intimidating the witness or of running him off to prevent his testifying for plaintiff; that he had not seen the said Hilburn for about one year, and that he was owing said firm a small account and was then residing in the Indian Territory; that he asked the said witness for the payment of the said account, and some words were exchanged about the matter and witness walked away; that said Hilburn followed him using loud language and that he, the witness, turned and struck Hilburn one time with his fist, and that was the end of the matter; that this trial or the fact that Hilburn was a witness had nothing whatever to do with the scrap. Whereupon the jury was recalled and the court sustained the objection of the defendant, and declined to allow the plaintiff to pursue such line of cross examination further.
                              F. L. Hawkins, County Judge."

The determination by the jury of one of the most important issues in the case depended upon the testimony of the witness Clayton, and the appellant Horsey. The testimony of these witnesses was in direct conflict upon that issue and appellant contends that the action of the court in not allowing the examination of Slayton before the jury as to his motive in making the assault on the witness Hilburn was an abridgment of his constitutional right of a full trial by jury, and that the motive of Slayton in making the assault was a question for the jury and not the court; that the questions propounded to the witness Slayton and his answers thereto in the absence of the jury were not only material and proper to go before the jury to be considered by them in determining the motive of Slayton in making said assault, but also to be considered by them in passing upon his credibility and the weight to be given to his testimony.

A majority of this court are of the opinion that the trial court erred in refusing to permit the appellant's attorneys to cross examine the witness C. E. Slayton, as to such assault. The witness Hilburn had been sworn and placed under rule with Slayton and other witnesses. While there he was assaulted by Slayton, after which he left the courthouse and returned to the Indian Territory. Appellant was entitled to show these facts as tending to impeach Slayton's credibility. The jury might have concluded that the assault was not made to collect a debt, as stated by Slayton, but to run Hilburn off and prevent him from testifying in the case. This was a circumstance which should have gone to the jury and which they were entitled to consider in determining the weight to be placed on his testimony.

The writer feels constrained to disagree with the holding of the majority of this court. I do not question the fact that if the assault caused the witness Hilburn to leave it was legitimate to show this fact, and Slayton's motive in making the assault. But if said assault was not made with such a motive, then the assault was not a legitimate subject of inquiry. The appellant sought to show by Slayton himself that the assault was made by Slayton for the purpose of intimidating Hilburn and to run him off and thereby prevent him from testifying in the case, and upon objection to proving the assault, the court retired the jury to determine whether or not appellant could make such proof. After hearing the statements of Slayton as to the circumstances surrounding the assault and his denying any such intention, the court did not permit it to go to the jury. If the assault was not made to intimidate and run off Hilburn it was not a proper matter to go before the jury and the action of the court was proper. No testimony was offered by appellant to show that the facts connected with the assault were other than those shown by Slayton. Nor did he state to the court what further fact he expected to prove by Slayton or any other person, that the facts were different from those stated, but the contention by appellant is that the jury should have been allowed to hear Slayton's testimony in regard thereto that they might judge from his manner and demeanor whether or not his statement was

credible and thereby discredit his testimony. While it is the province of the jury to judge of the credibility of the witness, I do not believe the rule goes to the extent of allowing negative testimony to a fact to go before the jury as in this case, that they may infer the existence of such fact. The judgment is reversed and cause remanded.

*Reversed and remanded.*