### BENBROOK et al. v. TROTTER.
### No. 1494.

Court of Civil Appeals of Texas. Eastland.
Oct. 4, 1935.

Rehearing Denied Nov. 1, 1935.

Carl Miller, of Rockwall, for appellants.

Wade & Wade, of Beeville, for appellee.

LESLIE, Chief Justice.

R. E. Benbrook et al. sued E. C. Trotter for $602.90, balance due on a promissory note executed by the latter to the plaintiffs. Along with other defenses, the answer set up lack of consideration, payment, etc. The trial was before the court and jury. Upon the jury's answer to special issues, judgment was rendered in favor of the defendant, but against him on his cross-action for damages alleged to have accrued to him by reason of wrongful attachment, etc. The plaintiffs appeal, and the parties will be referred to as in the trial court.

The plea of payment was based upon allegations that the defendant Trotter purchased the tract of land against which the plaintiffs held vendor's lien notes. That he thereafter executed to them the note in suit in consideration of their paying certain taxes and a second lien obligation owed by him. That he subsequently conveyed the land covered by the vendor's lien to the plaintiffs in consideration of their releasing him from the vendor's lien notes, and the note in suit as well. The plaintiffs contended that the consideration for the conveyance of the land was the release of the vendor's lien notes only, and not the note in suit. The issue as thus made by the pleadings and the testimony was submitted to the jury and found in favor of the defendant. We discover no reason for disturbing this finding, which amply supports the judgment. Neither is there any reason for disturbing the verdict and judgment rendered against the defendant on his cross-action for damages, etc.

The appellants, plaintiffs below, complain that the court erred in permitting the defendant's attorney, Wade, to testify on the trial that the plaintiff Benbrook approached him the morning this case was first called for trial and stated to him, Wade, that he, Benbrook, would give him (Wade) $20 to "put him next to any move that the defendant Trotter would make in the case" etc. The testimony was objected to as being prejudicial, irrelevant, and immaterial.

There was no error in the admission of this testimony. The plaintiffs' entire case rested upon the testimony of Benbrook. Upon the record, and under the facts, he was an interested party. The interest of a party in the results of a suit, the nature and extent of that interest, and the manifestations thereof, are proper to be considered as bearing upon the credibility

of such witness, irrespective of other impeachment or attack. If a party to a cause becomes a witness in his own behalf, he subjects himself to the same tests of truth applied to other witnesses. The testimony complained of reflected conduct on the part of Benbrook analogous to tampering with witnesses or interfering with the same. It went to the credibility of the plaintiff Benbrook, and was for the jury's consideration. Horsey v. C. E. Slayton & Co., 47 Tex. Civ. App. 212, 104 S. W. 503; St. Louis & S. F. Ry. Co. v. Sproule, 45 Tex. Civ. App. 615, 101 S. W. 268; Miller v. State, 112 Tex. Cr. R. 606, 18 S.W.(2d) 632; 70 C. J. p. 939, § 1145; p. 947, § 1148; p. 987, § 1192; p. 999, § 1204.

There are other assignments in the brief. Some of them complain of the admission of testimony and the others to the submission of issues, etc. We have carefully considered each of them, and, finding them without merit, they are overruled. The judgment of the trial court is affirmed.