Standard Accident Ins. Co. *v.* Christy.

5-2745                                                 360 S. W. 2d 195

Opinion delivered September 24, 1962.

*Lester E. Dole, Jr.,* for appellant.

*Walter H. Laney,* for appellee.

JIM JOHNSON, Associate Justice. This is an appeal from a jury verdict in favor of a policyholder, Ernest Christy, appellee, against his insurer, Standard Accident Ins. Co., appellant. The suit involves the fire insurance provisions of an automobile insurance policy and exceptions and exclusions against coverage contained therein.

In July 1960, appellee was driving his 1959 DeSoto automobile from Sparkman to Camden, when he noticed smoke coming up from behind his car. He slowed down and as soon as he could find a wide place in the road, he stopped. By the time he stopped, the radiator hose and air conditioner hose had burned off and the water from the radiator had extinguished the fire. He had the automobile towed to Camden and notified the appellant, his insurance carrier, of the fire.

Appellant instructed the garage to repair the automobile. The vehicle did not leave the shop of the repairman until repairs were finally completed at a cost of $763.62. When the automobile was repaired, appellant offered to pay $160.47 for repair of the wiring, rubber hose connections and other obvious fire-damage repairs, but refused to pay for damage to pistons and cylinder walls, contending that this was mechanical failure, not fire damage, and was therefore excluded from the policy coverage.

Appellee filed suit under the policy provisions for $569.13 and amended the suit to the sum of $763.62. Appellant offered to pay the sum of $160.47 which appellant considered as actual fire damages to appellee's automobile under the policy provisions. The jury after hearing the evidence found for appellee in the sum of $763.62, the amount sued for. Statutory penalty and attorney's fee were assessed, making the judgment for appellee the sum of $1,005.25, from which comes this appeal.

Appellant conceded that appellee owned an automobile which was insured against fire loss under the terms of appellant's policy No. AF870166. It is undisputed that this automobile caught on fire while being driven from Sparkman to Camden. Appellee's burden of proving the

insurance policy and the loss having been met, the burden was then on appellant to show that the case fell within an exclusion to the contract by which appellant had indemnified appellee against such an injury. *Life and Casualty Ins. Co. of Tenn.* v. *Barefield,* 187 Ark. 676, at 679, 61 S. W. 2d 698. The policy exclusion is as follows:

"Exclusions. This policy does not apply under Part III: . . . (e) to damage which is due and confined to wear and tear, freezing, mechanical or electrical breakdown or failure, unless such damage results from a theft covered by this policy."

The material points relied on by appellant question whether there was any substantial evidence to support the jury verdict.

After the repairs to the automobile had been made, appellant adopted the position that a portion of the damages to the automobile was occasioned by a mechanical failure. In this connection, appellant introduced the testimony of an expert witness, Mr. John L. Peterson. His testimony included a discussion of how the fire probably originated and how various items of damage were occasioned. According to this witness, he found damage to the cylinders and cylinder walls. This damage, he testified, could only be caused in one of two ways:

"One is operating the engine at a fairly moderate to high rate of speed without sufficient water in the cooling system, which would cause an extreme overheating condition . . ."

Appellee testified that "the car was running perfectly" and that he was traveling at approximately sixty miles per hour when he noticed that the automobile was on fire. Thereafter, he proceeded until he found a wide place in the highway and then he stopped. At this point he found the radiator hose and the air conditioner hose had been burned off and that the escaping water had extinguished the fire. This is precisely the factual situation described by Mr. Peterson as one of the possible explanations for interior damages to the pistons and cyl-

inder walls. The jury could certainly fairly conclude from Peterson's testimony that a fire originated on top of the automobile engine—either from a leaky fuel pump, leaky carburetor, broken gas line, or some other cause; that this fire proceeded to burn off the rubber hose connections to the radiator and air conditioner allowing the water to escape from the cooling system; that wiring, battery, etc., were burned; that certain damage resulted to the interior of the motor as a result of the escaping water from the cooling system; and that, in short, the fire was the direct, proximate and sole cause of all the damage to this automobile.

After carefully reviewing the record, we cannot escape the conclusion that there was substantial evidence to support the jury verdict. This being true, the judgment must be affirmed. *Lloyd* v. *James,* 198 Ark. 255, 128 S. W. 2d 1019.