# UNITED STATES FIDELTY & GUARANTY CO.
## *v.* Willis B. SMITH, Jr.

5-5891                     480 S.W. 2d 129

### Opinion delivered May 15, 1972

*Atchley, Russell, Hutchinson & Waldrop* by: *Victor Hlavinka* and *Charles M. Bleil,* for appellant.

*Smith, Stroud, McClerkin & Conway* by: *Willis B. Smith Sr.* and *R. Gary Nutter,* for appellee.

George Rose Smith, Justice. This is an action brought by the appellee upon an automobile insurance policy which provided coverage for loss by fire but contained an exception exempting the insurance company from liability for loss caused by a mechanical breakdown or failure. At the trial the principal question—one of fact— was whether the loss fell within the main coverage or within the exception. The trial court, sitting without a jury, found for the plaintiff. The appellant contends that there is no substantial evidence to support the finding of liability.

There is no dispute about the controlling principles of law, which were stated in a somewhat similar case:

*Standard Acc. Ins. Co.* v. *Christy*, 235 Ark. 415, 360 S.W. 2d 195 (1962). The plaintiff's proof having established a prima facie case, the insurer then has the burden of showing that the loss falls within the exemption contained in the policy, that being an affirmative defense. Hence the question here is whether there is any substantial evidence to support the trial court's finding that the loss was not caused by a mechanical breakdown or failure.

A prima facie case of liability was presented by the plaintiff's testimony that fire broke out under the hood of his vehicle after he had driven a distance that appears to have been from 15 to 20 miles. Smith testified that before the flames appeared there had been no red lights or anything else to indicate that the car, a Jeep, was not operating properly.

The defendant's theory was that damage to the interior of the engine has been caused not by fire but by an overheating that resulted from a mechanical failure, the thermostat in the cooling system having failed to open. One of the insurer's own witnesses, however, testified that if a stuck thermostat had caused the engine to overheat, the ensuing pressure would have forced the water out of the radiator. It is admitted that after the fire there was still water in the radiator. The same witness also stated that he did not think the car could have been driven from 15 to 20 miles with the thermostat stuck. Those statements leave the cause of the damage in such doubt that the trial court's rejection of the insurer's affirmative defense cannot be said to be contrary to all the substantial evidence in the record.

The appellant also contends that the trial judge should have allowed the witness Tucker to state his opinion, as an expert, that a test conducted after the occurrence showed the thermostat to have been defective. The determination of the qualifications of an expert witness lies within the discretion of the trial court. *Ray* v. *Fletcher*, 244 Ark. 74, 423 S.W. 2d 865 (1968). Here the witness Tucker, upon being closely questioned with respect to his qualifications, was unable to cite any training or experience that clearly qualified him as an expert

with respect to the question at issue. We are unable to say that the trial court abused its discretion in refusing to receive Tucker's opinion in the matter.

The judgment is affirmed, with an award of an additional $300 attorney's fee to the appellee.