AMERICAN STANDARD LIFE INSURANCE CO. *v.* MEIER.

4-9697                                         246 S. W. 2d 128

Opinion delivered February 18, 1952.

*Shaver, Stewart & Jones,* for appellant.

*Ted Goldman,* for appellee.

Robinson, J. The issue on this appeal is the interpretation of a policy of insurance providing disability benefits. The appellant insurance Company contends that the insured must be confined to bed in a hospital before the Company is liable for any payments under the terms of the policy. The trial court held otherwise and the insurance Company has appealed.

On the face of the policy is the following provision: ''Hereby insures the person named in this policy while confined as a bed patient within any recognized hospital, subject to all the provisions and limitations hereinafter contained, against, (1) loss caused by hospital and other specified expenses resulting directly or indirectly from accidental bodily injury, sustained while this policy is in effect and (2) Loss caused by hospital and other specified expenses resulting from sickness, the cause of which originates while this policy is in effect and after thirty days from the effective date thereof and (3) Loss or hospital expense resulting from surgical operations (except in connection with accidental injury) the cause of which had its beginning after this policy has been in continuous force for not less than six months from the effective date hereof or six months after the effective date of last reinstatement.''

Part Six of the policy is as follows: ''If the insured shall require the services of a Licensed Physician or Surgeon as the result of accident covered by this Policy: The Company will pay at the rate of One Hundred ($100.00) per month beginning with the eighth day of confinement but not to exceed a total of thirty consecutive days for any one accident. Payment will be made in full in this part except: (a) No benefits under this part will be paid for any person under twenty-one (21) years of age; (b) If the insured be a female the amount pay-

able under this part shall be fifty per cent of the amount otherwise payable.''

Part B of the policy provides: ''If the Insured as a result of injury or sickness which is covered under this policy, shall have a surgical operation performed by a licensed physician or surgeon, the Company will indemnify the Insured for the fee charged by such physician or surgeon for such operation (or will pay the physician or surgeon, if authorized by the Insured to do so), not exceeding the amount set opposite the name of the operation in the Schedule of Operations below. Not more than one indemnity, the largest, will be paid for operations performed on account of any one injury or sickness or for two or more surgical procedures performed during one operation. Benefits under this Part B shall be payable in addition to any and all other benefits provided in this policy. * * *,'' '

In the schedule of operations set out in Part B, $60 payment is provided for Pasteur treatment for hydrophobia. Appellee policyholder was bitten by a dog infected with hydrophobia. Therefore, it was necessary for appellee to take the Pasteur treatment and he was thereby disabled, but was not confined to bed in a hospital. There seems to be no question about the length of time he was disabled. The policy does not state that in no event is the Company liable unless the insured is confined to bed in a hospital. It is true that the policy is subject to that interpretation. There is an ambiguity in that respect, for it is also true that the policy is subject to the interpretation that ''bed patient in a hospital'' does not apply to Part Six, providing indemnity for loss of time and Part B which pertains to surgical operations under which is listed ''Pasteur treatment for hydrophobia.''

The clause on the face of the policy which appellant claims limits recovery to a policyholder confined to bed in a hospital is divided into three parts, providing:

First, for loss caused by hospital and other specified expenses resulting from accidental injury;

Second, for loss caused by hospital and other expenses resulting from sickness;

Third, for loss or hospital expenses resulting from surgical operations.

Nothing is said in the clause appearing on the face of the policy about loss of time, although Part Six provides for payment of $100 per month therefor if the insured requires the services of a doctor. Part Six has no provision with reference to confinement to bed in a hospital. So far as Part Six is applicable here, the only limitation is that the insured requires the services of a doctor. Since the clause on the face of the policy does not mention loss of time, and ordinarily, loss of time is not referred to as an item of expense, the argument could be made that the policy does not cover loss of time although Part Six specifically provides therefor.

The policy provides $60 for Pasteur treatment, which is listed under the heading of surgical operations, and, yet, it does not appear that such treatment in itself requires confinement to bed in a hospital. It also provides principal sum benefits payable for certain specific losses, such as loss of an eye or loss of a hand, etc. It is entirely possible that a person could suffer one of the specifically named losses and never be confined to a bed or a hospital. Moreover, Part One of the policy providing for payment for specific losses does not say that the insured would have to be confined to bed in a hospital before he could recover for such loss. In that respect Part One is similar to Part Six providing for loss of time.

Part B provides for surgical indemnity. A long schedule of payments is set out for specific operations, among which is listed $60 for Pasteur treatment. Nothing is said in Part B about the necessity of being confined to bed in a hospital before the surgical indemnity is payable. Under the schedule of operations is provided indemnity of $5.00 for the reduction of a simple fracture of one finger. It is hard to believe that the framers of the policy intended that the policyholder would have to

go to a hospital and get in bed before having a finger set in order to collect the $5.00.

The policy is much more than one merely providing indemnity for expenses caused by being confined to a hospital, although the policy appears to be designated by printing on the back thereof as "all standard hospital policy." It provides indemnity for loss of time and for specific losses such as an eye, etc. It also provides payment for what the policy designates as surgical operations which would not ordinarily require that one be confined to bed in a hospital, such as $5.00 indemnity for reduction of a dislocated finger, and $5.00 for injection of antitoxin for tetanus. It is a matter of common knowledge that, ordinarily, treatments of this kind do not require confinement to bed in a hospital.

The policy is ambiguous and this court has held many times that any ambiguity in a policy of insurance must be construed most strongly in favor of the insured and against the insurer. *Central Manufacturers' Mutual Ins. Company* v. *Friedman,* 213 Ark. 9, 209 S. W. 102, 1 A. L. R. 2d 557. See, also, cases which hold to the same effect cited in the Arkansas Digest, title "Insurance," § 146.

This case was first tried in the Municipal Court where there was a judgment for plaintiff in the sum of $101.33, the amount sued for, and the Court allowed an attorney's fee of $25. On appeal to the Circuit Court the case was again decided in favor of the policyholder and an additional fee of $50 was allowed. Appellee is allowed an additional fee of $50 on appeal to this court, making a total of $125 allowed to appellee as attorney's fee.

The judgment is affirmed.