American Republic Life Insurance Company *v.* Claybough.

5-1287                                    302 S. W. 2d 545

Opinion delivered June 3, 1957.

*Talley & Owen* by *Robert L. Rogers, II,* for appellant.

*L. A. Hardin,* for appellee.

George Rose Smith, J. This is an action by the appellee to recover all premiums paid upon a policy of health and accident insurance issued in 1944 by American Republic Insurance Company and later assumed by the appellant. It is the plaintiff's theory that the insurer repudiated its contract by wrongfully declaring a cancellation in 1955. *Mutual Relief Ass'n* v. *Ray,* 173 Ark. 9, 292 S. W. 396. The insurer insists that the policy lapsed for nonpayment of a quarterly premium and that in any event the policyholder recognized the can-

cellation by accepting a refund of the premium that was assertedly tendered after its due date. The circuit court, sitting without a jury, found for the plaintiff and entered judgment for the amount of all premiums paid upon the policy, with interest and an attorney's fee.

A quarterly premium of nine dollars was due on June 20, 1955. Claybough testified that on July 11 he received from the company a second notice that the premium was due. That afternoon his wife paid the premium in cash at the insurer's office, receiving a handwritten receipt instead of a printed official receipt. On July 12 the insurance company wrote Claybough this letter:

"Please be advised that the above numbered policy was due June 20, 1955 and lapsed July 5, 1955 for non-payment of premium. Since this is not a form of policy which the Company is reinstating, we regret that you have allowed it to lapse.

"Enclosed please find Company Check in the amount of $9.00 in lieu of cash tendered by you on July 11, 1955. This refund of premium cancels the Temporary Receipt given you on said date. We regret that we are unable to further serve you."

Claybough cashed the company's check within a day or two and brought this suit some eleven months later.

The trial court was justified in finding that the policy did not in fact lapse. Although the contract provides that premiums must be paid on their due date, without days of grace, it is shown that the company repeatedly accepted overdue payments, the delays ranging from two to seventeen days. By this conduct the insurer waived its right to insist, without notice, upon a strict compliance with the contract. *Universal Life Ins. Co.* v. *Bryant*, 196 Ark. 1143, 121 S. W. 2d 108. At the trial the company introduced testimony tending to prove that it had voluntarily adopted a practice of allowing its policyholders fifteen days of grace

in the payment of premiums. Claybough's rights, however, cannot be said to have been affected by this decision on the part of the insurer, for it is not contended that he was ever informed of it.

Nor can it be said as a matter of law that Claybough's acceptance of the refunded premium prevents him from maintaining this action. It is true that the parties to an insurance contract may, with full knowledge of the facts, enter into a binding agreement for its cancellation. *Missouri State Life Ins. Co.* v. *Hill,* 109 Ark. 17, 159 S. W. 31; *Illinois Bankers Life Assur. Co.* v. *Petray,* 195 Ark. 144, 110 S. W. 2d 1070. But the agreement to cancel is not binding if the insured's consent was obtained by fraud or misrepresentation. *Glickman* v. *New York Life Ins. Co.,* 16 Calif. 2d 626, 107 P. 2d 252; *Riddle* v. *Rankin,* 146 Kan. 294, 69 P. 2d 722; *Independent Life Ins. Co.* v. *Evans,* 162 Ky. 150, 172 S. W. 105. Here there is substantial evidence to support the trial court's conclusion that the company's positive statement that the policy had lapsed on July 5 was a misrepresentation of fact which induced Claybough to accept a return of the premium.

The court erred, however, in allowing the plaintiff an attorney's fee under the authority of Ark. Stats. 1947, § 66-524. That statute applies by its language to suits by the insurer to cancel or alter the policy, to suits for a declaratory judgment upon the policy, and to suits by the insured for reinstatement. Owing to its penal nature a statute like this one is to be strictly construed. *National Fire Ins. Co.* v. *Knight,* 185 Ark. 386, 47 S. W. 2d 576. Since the statute does not in any way refer to suits for the recovery of premiums paid upon a policy wrongfully cancelled, we cannot read that language into the act. The award of an attorney's fee must therefore be set aside.

With this modification the judgment is affirmed.