Isaac DILLINGHAM, Appellant,

v.

AMERICAN SECURITY LIFE INSURANCE COMPANY, Appellee.

No. 14465.

Court of Civil Appeals of Texas.

Houston.

Dec. 10, 1964.

Levy, Levy, Levy & Schwab, Ed Schwab, III, Galveston, for appellant.

John B. Henderson, Jr., Marshall, Joe Bailey Humphreys, Dallas, for appellee.

BELL, Chief Justice.

Appellant was the owner of a policy of insurance covering loss occasioned by expenses incurred if he was hospitalized because of illness or injury. The policy also covered doctors' bills for certain specified operations and for minor injuries where there was not confinement in a hospital.

Appellant was severely burned in September, 1962, and was taken to John Sealy Hospital in Galveston. He was confined to the hospital for about 90 days. Extensive skin grafts were made during his confinement. The cost of hospitalization, including the skin grafts, was $1,664.10. Appellant's claim under the policy was denied by appellee because, it contended, the policy did not cover indemnity for loss occasioned by hospitalization where the hospital facilities were furnished by the State.

The trial court, after trial without a jury, denied appellant recovery on the theory that the policy did not cover loss where hospital facilities were furnished by the State and the hospital facilities were furnished by John Sealy Hospital, which is a State of Texas agency.

The limitation and exclusion contained in the policy which is relied on by appellee is Part 8, Paragraph 1 of the policy and reads as follows:

"Limitations and Exclusions

"1. This policy does not cover hospitalization for nervous or mental disorders, rest cure, diagnosis, syphilis or venereal disease, dental treatment, loss when hospital facilities are furnished

by the City, the state, the Federal government or Veterans Administration * * *."

There is no dispute in the evidence and if the loss comes within the terms of the policy, appellant is entitled to recover $750.00.

The court found the services were not furnished by John Sealy Hospital gratuitously but appellant had been billed for the services and had made some payments to the hospital. We construe this to mean he was obligated to pay for the services.

Appellant's position that the loss for hospital expenses is covered even though the limitation or exclusion provides it does not cover "loss when hospital facilities are furnished by * * * the state * * *" is based upon three contentions:

1. He says the provision only applies if the facilities are furnished without charge.

2. He would limit the exclusion from coverage where a state agency furnishes the facilities only if they were furnished in treatment of nervous or mental disorders, syphilis, a venereal disease, or in connection with rest cure, dental services or diagnosis.

3. In any event he says the policy is ambiguous and it should be construed most favorably to the insured and when this is done it means only that if the State furnishes the hospital facilities and makes no charge there will be no compensation.

 It is settled law that in construing an insurance contract the intent of the parties is to be ascertained from the contract itself if it is unambiguous. Too, it will be construed most favorably to the insured if there is doubt about its meaning. However, we cannot make a contract for the parties. We must, however, consider the contract from its four corners in ascertaining the intent.

There was no pleading in the trial court that the contract was ambiguous and no evidence, other than the contract itself, introduced as to its meaning. What appellant is really contending is not that the contract is ambiguous in the usual sense of that term, but that where the contract on its face is susceptible of more than one construction that one will be adopted that favors the insured.

On the face of the policy in bold type at a place above the insuring clause is this statement:

"This policy provides indemnity for loss due to hospital confinement and for other specified losses resulting from accidental bodily injury, sickness or childbirth, *to the extent herein limited and provided.*" (emphasis ours unless otherwise stated)

Then follows the insuring clause, which reads as follows:

"AMERICAN SECURITY
Life Insurance Company
Marshall, Texas
Herein Called Company

"HEARBY INSURES each of the persons named as Insured in the Schedule below, *subject to all provisions and limitations hereinafter contained,* and will pay the indemnities provided herein, for *loss* caused by hospital and other specified expense, resulting (a) from accidental bodily injury * * *."

Following the listing of appellant and his wife as named assureds is Part 1, covering specifically enumerated indemnities for certain hospital services and it, except for enumeration of the hospital services and the indemnities therefor, reads as follows:

"If the Insured shall be necessarily confined within a recognized Hospital as a resident patient on account of such injury or such sickness, the Company will pay the Insured * * * for the following items of hospital expense actually incurred but not to exceed the amounts stated below."

It will be seen that the very first part of the policy in bold face type states the policy provides for indemnity for loss due to hospital confinement " * * * to the extent herein limited and provided." It gives notice that it is not an indemnity as to the cost of all hospital confinement. It does not at this point state specifically the nature of the limitations but it shows there are limitations.

Immediately following is the insuring clause that insures appellant against certain loss, subject to the provisions and limitations contained in the policy. Again, there is not an unqualified undertaking, but it is specifically stated that the indemnities provided for are subject to limitations and provisions contained in the policy.

There follows Part 1 covering "Hospital Expense Indemnity." It provides the Company will pay insured specified amounts for enumerated hospital services rendered when the insured is "necessarily confined within a *recognized* hospital." While the statements "subject to the provisions and limitations hereinafter contained" or "to the extent herein limited and provided" do not appear in Part 1, the term "recognized Hospital" is a term of limitation. It at least shows the expenses of just any hospital are not contemplated. We are unable to find any definition in the policy of the term. The question arises then, What is meant by the term? By whose determination is it to be decided a particular hospital is a recognized one? The only provision of the policy that will give definite meaning to the term is the limitation or exclusion above quoted. It excludes hospitals operated by the State, City, or Federal governments or the Veterans Administration. When this is read with Part 1, the term "recognized Hospital" means any hospital recognized by the policy and all hospitals are necessarily recognized except those specifically excluded.

We analyze these various provisions to demonstrate there is nothing in any of them that purports to be an unqualified indemnity for all hospital expenses no matter by what hospital the services are rendered. There is nothing inconsistent between the provisions and the exclusions.

The limitation itself clearly does not cover indemnity for loss where the hospital facilities are "furnished" by the State. The controversy concerning the meaning of the limitation itself arises over the meaning of the term "furnished." Appellant says it means furnished or made available without charge. Appellee contends it means where the facilities for which the expense was incurred were made available by the State, without regard to a charge for their use. Both parties concede there are no cases defining the term "furnished" that are helpful and we have found none.

■ We think the term is generally used to mean supply, provide or make available. While the term is used variously as applied to particular situations, in none of the definitions given is the term used to mean make available, provide, or supply without charge or compensation. In fact, the definitions in no way relate the meaning of the term to compensation or not.

Here the policy is clearly one of indemnity against *loss* suffered by the assured by reason of hospital expenses he pays or is obligated to pay in certain hospitals. If the hospital facilities are furnished without charge, then there is no *loss* to the insured by reason of any hospital expense. To give the meaning to the term "furnished" contended for by appellant would render meaningless the term "loss" as used in the quoted exclusion.

■ We are also of the view that the limitation against indemnity when the facilities are furnished by the State is not confined to the situation where the assured was hospitalized for treatment of the diseases and disorders enumerated in the first part of the limitation.

We do not think indemnity for doctors' bills is in anywise dependent on the fact of

hospitalization or in case of hospitalization upon the type of hospital serving the facilities. However, here it is admitted that the doctors' bill that could be recovered is insignificant in amount.

The judgment of the trial court is affirmed.