298

5-3541 388 S. W. 2d 920

Opinion Delivered April 12, 1965.

[Rehearing denied May 17, 1965.]

*Crouch, Blair & Cypert,* for appellant.

*John W. Cloer,* for appellee.

Frank Holt, Associate Justice. Appellant's policy-holder, James A. Everett, drove his automobile in such a manner as to strike the ladder upon which Jeff Baker,[1] appellee, was working causing him to fall and be injured. Appellee, an employee of Everett's, was working with two other employees on a house which was under construction by Everett as the general contractor. Appellee filed suit against his employer, Everett, and the trial court, sitting as a jury, awarded appellee judgment in the amount of $9,650.00.

Appellant had issued its automobile insurance policy to Everett and his wife. Appellant had notice of the pen-

---

[1]The appellee, Jeff Baker, died during the pendency of this appeal. A motion was made and is hereby granted to revive this cause in the name of the administrator of the estate of Jeff Baker. For clarity in this opinion we continue to refer to Jeff Baker as the appellee.

dency of the action by appellee against Everett and declined to defend disclaiming any responsibility to its insured under the terms of its policy. Upon being unable to collect his judgment against Everett, the appellee filed the case at bar against appellant alleging it was obligated by the terms of its policy to pay the judgment rendered against Everett. Appellant denied any obligation under the terms of its policy to defend the action or pay the judgment against Everett.

The appellant filed a motion for summary judgment contending that the pleadings, insurance policy, interrogatories answered by appellant and the deposition of appellee and the deposition and affidavit of his son showed there was no genuine issue as to any material fact and as a matter of law appellant was entitled to a judgment. The trial court denied appellant's motion for summary judgment and, although appellee had not filed a motion for summary judgment, the court rendered judgment in favor of appellee in the amount of $9,800.00 and costs.

For reversal of this judgment appellant's sole point is that the "trial court erred in failing to grant summary judgment for the appellant." Appellant does not assign as error the action of the court in giving summary judgment to the appellee.

It is appellant's contention that there was no liability under the terms of the policy in question because of this exclusionary provision:

"This insurance does not apply under . . . (f) Coverage A, to bodily injury of any employee of the insured arising out of and in the course of the insured's employment,"

It is undisputed that appellee was an employee of appellant's insured at the time of the accident. Consequently the only question before the trial court and before us is whether appellee's injury was one "arising out of and in the course of the *insured's employment.*"

This automobile insurance policy was issued to Everett and his wife. The appellee and other employees

regularly provided for their own transportation to the job site. It appears that Everett, the general contractor, drove his car to and from work and did not use it for business purposes. Further, on occasions he borrowed or used a truck to transport his tools. Everett backed into the ladder as he was leaving the construction site.

The language used in the exclusionary clause applies to an employee's injuries arising out of and in the course of "insured's [Everett's] employment". The ambiguity of this curious language is obvious from the thrust of appellant's argument. It is directed toward the contention that the injury of Baker, the appellee, arose, "out of his employment". To say the least, it is ambiguous.

It is a familiar rule that where terms are ambiguous and fairly susceptible of different meanings, all doubts must be resolved against the insurer and in favor of the insured. *Central Manufacturers Mut. Ins. Co. of Van Wert, Ohio* v. *Friedman,* 213 Ark. 9, 209 S.W. 2d 102; *State Farm Mutual Auto. Ins. Co.* v. *Pennington,* 215 F. Supp. 784 (Ark. 1963); *St. Paul Fire & Marine Ins. Co.* v. *Coleman,* 204 F Supp. 713 and affirmed in 316 F. 2d 77 (Ark. 1963). Any ambiguity in an exclusionary clause likewise must be construed strictly against the insurer and liberally in favor of the insured. *Phoenix Assur. Co.* v. *Loetscher,* 215 Ark. 23, 219 S.W. 2d 629; *American Standard Life Ins. Co.* v. *Meier,* 220 Ark. 109, 246 S.W. 2d 128. Any intent to exclude coverage should be expressed in clear and unambibuous language and the burden is upon the insurance company to present facts that come within the exception. *Milwaukee Ins. Co.* v. *Wade,* 238 Ark. 565, 383 S.W. 2d 105. The rationale for the rule is well expressed in *Travelers' Protective Assn. of America* v. *Stephens,* 185 Ark. 660, 49 S.W. 2d 364. There we said:

"* * * It has been the settled policy of this court since the beginning of its construction of contracts of insurance to hold that the policy should be liberally construed so as not to defeat, without necessity, the claim for indemnity. The reason is that such policies are written on printed forms prepared by experts employed by the insur-

ance companies for that purpose, and the insured has no voice in the matter. Hence, it is fair and reasonable that, where there is ambiguity, or where the policy contains language susceptible of two constructions, that which will sustain the claim and cover the loss should be adopted.''

It follows, therefore, that the judgment of the trial court refusing to grant appellant's motion for a summary judgment as a matter of law must be and is affirmed.

HARRIS, C. J., dissents.

CARLETON HARRIS, Chief Justice (dissenting). I feel that the majority are being entirely too technical in affirming this judgment. The pertinent section in the insurance policy is quoted in the court's opinion as follows:

''This insurance does not apply under . . . (f) Coverage A, to bodily injury of any employee of the insured arising out of and in the course of the insured's employment,''

The majority have reached the conclusion that the language is ambiguous in that it is not clear whether the exclusionary clause applies to Baker's employment or Everett's employment. I agree that Sub-section (f) could be written with a greater degree of clarity, but I think it obvious that the meaning actually is, ''This insurance does not apply * * * to bodily injury of any employee of the insured arising out of and in the course of *employment by the insured.*'' It is my view that in interpreting a contract, we should endeavor to ascertain the intent and purpose of the language, rather than base our findings upon poor sentence structure.

It is noticeable that appellee, in arguing for an affirmance in his brief, never once mentions the point upon which this case is being decided. He simply argues that there is no casual connection between the operation of the automobile and the work he was doing. From his brief:

''The injury did not arise out of the work appellee was hired to do. If appellee had fell from the ladder by

reason of the ladder breaking, or his foot slipping, then it would arise out of his work. The conditions under which he was required to work as a carpenter did not cause the injury."

Likewise, the trial court's decision was based entirely on the finding that Baker's injury did not "arise out of" his employment, and the court devoted quite some time to discussing the legal difference between the term, "out of," and the term, "in the course of." Quoting from the judgment, embracing the findings of the trial court:

"It would appear that in all authorities cited that if there is a casual connection between the employment and the injury of the plaintiff, or the accident results from the risk reasonably incident to the employment, that said injury is excluded under the terms of this policy. Since "out of" and "in the course of" are used conjunctively rather than disjunctively and are not considered by the authorities as being synonymous, the conditions required by each phrase must exist in order to come within the exclusion clause of the policy. Since "in the course of" refers to the time, place and circumstances under which the accident took place, it is obvious in this case that such conditions existed sufficiently in order to bring it under the exclusion terms of the policy, however, as far as the words "out of," whether it is construed as a strict causal connection between the employment and the injury, or whether there is only a reasonable connection between the employment and the injury, the requirements have not been met to bring the facts in this case under the exclusion provision of the policy. In no sense can it be said there is any causal connection or risk reasonably incident to the employment between a man standing on a ladder gabling the end of a house and being knocked therefrom by a moving automobile. Automobiles may be used to haul workmen to and from work or to deliver supplies and materials, but the driving of an automobile into a ladder placed closely against the side of a house in no way can be said to be a risk reasonably incident to the employment of the plaintiff."

Of course, I do not agree with the reasoning of the trial court, for I am of the opinion that the injury arose "out of" the employment,[1] as well as "in the course of" the employment, but I quote the aforementioned findings of the Circuit Court to emphasize that the theory upon which this case is being affirmed is entirely alien to the view taken by appellee and the trial court.

I think I can safely say that if Everett had carried Workmen's Compensation Insurance, this court, including this writer, would very quickly say that this accident arose out of Baker's employment.

However, if we must be technical, I am still of the view that the judgment should be reversed, *i.e.*, if Baker was injured in the course of Everett's employment (which the majority say is the literal meaning of the actual language used), the exclusion clause is still effective. *Baker did suffer bodily injury while an employee of Everett, arising out of and in the course of Everett's employment,* for Everett had been employed by a woman named Virginia Potts to build a dwelling house, and it was while working on construction of the house that Baker was injured. Both Baker and his son testified that Everett actually performed labor himself in constructing the dwelling.

---

[1]Actually, Baker was injured by falling from the ladder, which was knocked down by the automobile, rather than being hit directly by the vehicle. To me, standing on a ladder, while working on a house under construction, and particularly where the employer frequently drove in and out, is much more incident to employment than some other cases that have been decided by this court. For instance, in *Parrish Esso Service Center* v. *Adams*, 237 Ark. 560, 374 S.W. 2d 468, a service station attendant, on duty at the station, was lifted into the air by a gust of wind, and carried approximately seventy-five feet before falling. We rejected appellant's contention that the injury did not arise out of, and in the course of, the employment. In *Williams* v. *Gifford-Hill & Co., Inc.*, 227 Ark. 340, 298 S.W. 2d 323, we held that a workman who had gone to retrieve his cap, which he had left in some bushes, and who apparently was seized by illness and fell on the railroad tracks (where he was struck by a train), was injured in the course of his employment, and that the injury arose out of the employment. In that case, the late Justice Minor W. Millwee stated: "Our compensation statute covers every injury to an employee arising out of and in the course of his employment except those injuries caused by his intoxication or by his willful intention to bring about the injury or death of himself or another."

I think the judgment should be reversed under the exclusionary provision of the policy, and I, therefore, respectfully dissent.