## PROVIDENTIAL LIFE INSURANCE COMPANY
### *v.* Oscar D. PRICE, Special Administrator
### of the Estate of Vera M. PRICE, Deceased

76-97                                        542 S.W. 2d 504

### Opinion delivered November 1, 1976

*Arnold, Arnold & Lavender, Ltd.,* by: *William G. Lavender,* for appellant.

*Lingo, Griffin & Johnson,* by: *Kirk D. Johnson,* for appellee.

J. Fred Jones, Justice. This is an appeal by Providential Life Insurance Company from an adverse circuit court judgment in a suit on a hospitalization insurance policy issued to Miss Vera M. Price, now deceased.

The decedent-insured, Miss Price, died on or about October 9, 1974, following a lengthy illness in which she was treated in several hospitals including the Arkansas State Hospital, Benton Unit, from May 30, 1974, until August 19, 1974. Following the death of Miss Price, her brother Oscar D. Price was appointed special administrator of her estate. The Arkansas State Hospital made demand upon the estate

for 81 days hospitalization at $20 per day, amounting to $1,-620, and the appellee administrator made demand upon the appellant insurance company for the maximum hospital indemnity coverage of 30 days at $30 per day as provided in the policy.

The appellant insurance company denied the claim because of an exclusionary provision in the policy which reads as follows:

No payment for any indemnity shall be made by the company for any loss caused or contributed to by venereal disease, mental infirmities, rest cures, alcoholism, abortion, threatened abortion, drug addiction, any intentionally self inflicted injury, attempt of suicide — while sane or insane, while committing a felony, or confined to any hospital owned or operated by the Federal or State Government or agency thereof, political subdivision or agency thereof, or any charitable institution where the insured is not obligated to pay, or services rendered for the treatment of any abnormal condition existing, either active or inactive, before the date of this policy. (This exception includes all deformities, ailments, or prior injuries which may thereafter become aggravated by subsequent injuries or diseases.)

The appellee administrator filed suit in circuit court for the amount claimed as indemnity, together with unearned premium paid in the amount of $30.02, and also for attorney's fee and penalty and court costs. The appellant admitted the material facts as set out in the complaint; admitted that it owed the $30.02 in unearned premium which it tendered into the registry of the court, but denied liability for the hospitalization because of the aforesaid exclusionary clause in the policy.

The case was tried before the court sitting as a jury and the court found from the stipulations by the parties that 19 days of the maximum 30-day allowance under the policy had been paid for confinement in a Texarkana hospital and the court entered judgment in favor of the appellee Price for $330, together with 12% penalty and $475 attorney's fee, making a total judgment of $844.60 together with costs.

The appellant argued before the trial court that the effect of the exclusionary language used in the policy was to preclude any benefits while the insured was a patient in any government institution, regardless of responsibility to pay and that the phrase "where the insured is not obligated to pay" referred only to a charitable institution, and did not apply to any other medical facility operated by a governmental agency.

On appeal to this court the appellant contends "the lower court erred in finding that the exclusionary language of the policy in question did not exclude coverage while the insured was confined in the state hospital." In the appellant's brief and argument it recites that the question here is reduced to one narrow issue, that being: "Does the exclusionary clause of the insurance contract in question exclude coverage when the insured is hospitalized in a state owned and operated hospital, whether or not the insured is required to pay for the services received there?" The appellant then stated in its brief as follows:

> The Circuit Court's memorandum opinion, as incorporated in its judgment, found that the questioned language conferred benefits upon an insured patient who is obligated to pay for hospital services, whether or not the hospital be a charitable or governmentally owned or operated one.

The appellant then sets out the exclusionary clause, *supra,* in its entirety and then states:

> Appellant maintains that the quoted language is clear and unambiguous; that it specifically excludes coverage when the insured is hospitalized in a state owned and operated hospital, as was Appellee's decedent here; and that it makes no difference whether or not the insured has to pay for the services received at the state owned and operated hospital since the modifying phrase, "where the insured is not obligated to pay," relates only to charitable institutions.

The Texas case of *Dillingham* v. *American Security Life Ins. Co.,* 384 S.W. 2d 920, relied upon by the appellant, related to

a question different from the one in the case at bar. The policy in *Dillingham* provided:

> This policy does not cover hospitalization for nervous or mental disorders, rest cures, diagnosis, syphilis or venereal disease, dental treatment, loss when hospital facilities are furnished by the City, the state, the Federal government or Veterans Administration. . . .

The appellant-insured was confined in the John Sealy Hospital, which was a State of Texas agency, and was billed for the services. In his suit on the policy he contended that the exclusionary clause "loss when hospital facilities are furnished by the City, the state, the Federal government or Veterans Administration" did not apply since he was *charged* for the services. After pointing out that the policy was clearly one of indemnity against loss suffered by the assured by reason of hospital expenses he pays, or is obligated to pay, in certain hospitals, the court, in affirming the trial court judgment in favor of the company, said:

> We think the term is generally used to mean supply, provide or make available. While the term is used variously as applied to particular situations, in none of the definitions given is the term used to mean make available, provide, or supply without charge or compensation. In fact, the definitions in no way relate the meaning of the term of compensation or not.

It is noted in the case at bar that the entire exclusionary provision of the policy is in one continuous sentence. The first part defines the diseases or related conditions for which indemnity would not be paid, and the second part of the sentence refers to the institutions in which the hospital service or medical treatment is rendered. The first part of the sentence excluded losses caused or contributed by venereal disease, mental infirmities, rest cures, etc., and the second part of the sentence excludes coverage while "confined to any hospital owned or operated by the Federal or State Government or agency thereof, political subdivision or agency thereof, or any charitable institution where the insured is not obligated to pay."

We agree with the trial court that the language employed in the insurance policy here involved is subject to two interpretations and we are unable to say the court erred in interpreting the provision adverse to the contention of the insurance company who prepared the policy. See *Travelers Protective Ass'n of America* v. *Stephens,* 185 Ark. 660, 49 S.W. 2d 364; *State Farm Mut. Auto Ins. Co.* v. *Baker,* 239 Ark. 298, 388 S.W. 2d 920.

The judgment is affirmed.

The appellee is awarded judgment for $300 as attorney's fee for services on this appeal.

We agree: HARRIS, C.J., and GEORGE ROSE SMITH and FOGLEMAN, JJ.