Stephen Silas THOMAS, Appellant,

v.

The STATE of Texas, Appellee.

No. 12–86–0222–CR.

Court of Appeals of Texas,
Tyler.

June 23, 1987.

Rehearing Denied Aug. 20, 1987.

William R. Pemberton, Pemberton & Garner, Crockett, for appellant.

Mark Patterson, Huntsville, for appellee.

SUMMERS, Chief Justice.

This is an appeal from a conviction for the offense of furnishing marihuana to an inmate in a penal institution. *See* article 6184m.[1] Punishment was assessed by the court at six years' confinement. We reverse and dismiss the indictment.

Appellant Thomas brings three points of error asserting that the trial court erred in overruling (1) his plea to the jurisdiction, (2) his motion to quash the indictment, and (3) his motion to dismiss for violation of the Speedy Trial Act.

The relevant portion of the indictment charged that appellant did:

[K]nowingly and intentionally furnish a controlled substance, namely marijuana, to himself, and was at the time an inmate in the Texas Department of Corrections, and said controlled substance was not then and there from the prescription of a physician.

The State attempted to base its indictment upon article 6184m,[2] which provides in pertinent part as follows:

It shall be unlawful for any person to furnish, attempt to furnish, or assist in furnishing to any inmate of ... the Texas Department of Corrections any ... controlled substance ... except from the prescription of a physician.

At the pretrial hearing, both parties stipulated that the marihuana in question was more than two and less than four ounces of marihuana.[3]

Appellant pleaded guilty, but reserved his right to appeal on his plea to the jurisdiction, his motion to quash the indictment, and his motion to dismiss for violation of the Speedy Trial Act. At the bench trial on appellant's plea, the evidence consisted only of appellant's judicial admission, as follows:

Q Do you admit to the Court that on July 28, 1985 you were an inmate of the Texas Department of Corrections?

A Yes.

Q Do you admit that at that time, while you were an inmate of the Texas Department of Corrections, on July 28, 1985, you were in possession of less than two ounces of marijuana,[4] while in the confines of the Eastham Unit of the Texas Department of Corrections here in Houston County, Texas?

A Yes, sir.

In construing article 6184m, we must determine whether an inmate of the Texas Department of Corrections (TDC) can "furnish" marihuana to *himself* and therefore violate article 6184m, or whether the word "furnish" in the article means *to furnish to another party* who is an inmate at TDC.

The statute does not define the word "furnish." "It is a cardinal rule of statutory construction, however, that where words are not defined, then the words employed are ordinarily given their plain meaning, without regard to the distinction usually made between the construction of penal laws and laws on other subjects, unless the act clearly shows they were used in some other sense." *Campos v. State,* 623 S.W.2d 657, 658 (Tex.Cr.App.1981). Moreover, Tex.Govt.Code Ann. § 311.011(a) (Vernon's Pam.Supp.1987) provides that words and phrases in a statute shall be read in context and construed according to the rules of grammar and common usage.

Black's Law Dictionary 608 (5th ed. 1979) defines "furnish" as:

To supply, provide, or equip, for accomplishment of a particular purpose. As used in the liquor laws, "furnish" means

---

1. This and all other statutory references are to Tex.Rev.Civ.Stat.Ann. (Vernon Supp.1987) unless otherwise noted.

2. A felony offense; punishment for not less than two nor more than fifteen years' confinement.

3. Unlawful possession of this amount, a Class A misdemeanor, art. 4476–15, § 34.051.

4. A Class B misdemeanor, *Id.*

to provide in any way, and includes giving as well as selling.

The definition contemplates *an act and the relinquishment of possession,* not mere possession. For similar definitions, see *Dillingham v. American Security Life Ins. Co.,* 384 S.W.2d 920, 923 (Tex.Civ.App. —Houston 1964, no writ); and *International Service Ins. Co. v. Walther,* 463 S.W.2d 774, 776 (Tex.Civ.App.—Austin 1971, no writ).

Since the word "furnish" as used in article 6184m is not defined therein or not otherwise statutorily defined for the purpose of such statute, it should be given its commonly understood and generally accepted meaning. We therefore conclude that to "furnish" as used in article 6184m contemplates an act and the relinquishment of possession and means *to furnish to another party who is an inmate* at the penal institution any controlled substance.

We hold that the indictment is fundamentally defective because it does not allege an offense against the laws of the State of Texas. It fails to charge an offense under either article 6184m or article 4476–15, section 4.051. *See Mears v. State,* 520 S.W.2d 380 (Tex.Cr.App.1975).

The judgment of the trial court is reversed, and the indictment is dismissed.