CONTINENTAL CASUALTY COMPANY v. TODD.

Opinion delivered March 25, 1907.

1. ACCIDENT INSURANCE—EXCEPTION IN POLICY—BURDEN OF PROOF.—In an action against an accident company upon a policy insuring against accident, where the death of the insured is conceded to have resulted from an accident, the burden is upon the defendant to show that the death resulted from such an exposure to danger or risk as falls within the exemption from liability prescribed in the policy. (Page 218.)

2. APPEAL—CONCLUSIVENESS OF JURY'S FINDING.—A finding of the jury is conclusive wherever the facts proved are sufficient to support such a conclusion. (Page 218.)

3. EVIDENCE—INADMISSIBILITY OF OPINION.—In an action upon an accident policy to recover for the accidental death of the insured, where the defense was that the insured's death resulted from an unnecessary exposure to danger on his part, it was not error to refuse to permit witnesses to state their opinion that the insured who was killed beside

a railroad track could not have fallen in the position in which he was found, but must have laid down, and that his wound "looked just like it had been made by the pilot beam of the engine," as the facts upon which such opinions were based could have been adequately described to the jury by the witnesses, without expressing their opinions. (Page 218.)

Appeal from Conway Circuit Court; *William L. Moose,* Judge; affirmed.

*Ashley Cockrill,* for appellant.

1. The court erred in excluding the expressed opinion of the witness Pope that deceased could not have fallen in the position in which he was found but must have laid down, and of the witness Evans to the same effect; and also in excluding the statement of the witness Sword that the wound looked just like it had been made by the pilot of an engine. Opinions of non-experts are admissible when the subject-matter to which the testimony relates cannot be reproduced or described to the jury precisely as it appeared to the witness at the time, and, also, when the facts upon which the witness is called upon to express an opinion are such as men in general are capable of comprehending and understanding. 66 Ark. 498; 56 Ark. 617; 64 Ark. 530; 61 Ark. 245; 17 Cyc. 40.

2. Under the evidence in this case, the verdict was manifestly excessive, and in no event should it have been for more than $150.

*Carroll Armstrong, W. P. Strait* and *Chas. C. Reid,* for appellee.

1. The court properly excluded the opinion evidence offered by appellant. 56 Ark. 617.

2. The law presumes that the deceased was in the exercise of ordinary care, and this presumption is not overthrown by the fact of the injury alone. 73 Mo. 219; 94 Mo. 294; 154 Mass. 77; 159 U. S. 603; 15 Wall. 401; 163 U. S. 366; 129 Mo. 92. Mere contributory negligence is no answer to an action on a contract of insurance. 58 Neb. 792; 7 C. C. A. 588. Mere carelessness is not a defense. 158 N. Y. 698. It is only where a man acts so recklessly and carelessly that he shows an utter disregard of a known danger. 171 Pa. St. 1; 32 Atl. 1108.

3. "Where an accident policy fixes a maximum limit of the company's responsibility when the accident results from 'unnecessary or negligent exposure to obvious risk of injury,' the mere inadvertance or mistake of the insured is not sufficient to bar a recovery, as the danger must be known and the assured must consciously and purposely subject himself to the risk." 25 Ohio, C. C. 395; 102 Pa. St. 268. See also 58 Wis. 13; 154 Mass. 77; 75 Wis. 116; 1 Beach on Law of Ins. § § 259, 260; 162 Mass. 354; 78 S. W. 812; 85 S. W. 128.

McCULLOCH, J. This is an action upon a policy of accident insurance for $1,500 issued by appellant, it being alleged in the complaint that the assured, John H. Todd, met his death by being accidentally and violently struck and killed by a moving railway train.

Appellant set forth in its answer, as a defense to the action, a clause in the policy providing that in case of accidental death resulting from "unnecessary exposure to danger or obvious risk of injury the limit of defendant's liability shall be $150," and alleged that the assured met his death by unnecessary exposure to danger and to obvious risk of injury.

The issue was tried before and submitted to a jury upon instructions of which appellant does not complain, and a verdict was returned in favor of the plaintiff for the full amount of the policy.

Appellant questions the sufficiency of the evidence.

Todd was fireman on a railroad locomotive, and was killed by another moving train about eight o'clock in the evening. His engine was pulling a freight train, and stopped on the side track at a station to let two passenger trains pass. After the last of these trains had passed Todd was found lying on the ground between the two tracks with his head on the end of a cross-tie of the main track on which the other trains had passed along, and his skull was fractured by a blow of some kind on the head—one witness said on the top and one said on the back of the head. He was unconscious, and died the next day without having regained consciousness. His body was stretched upon the ground at right angle with the track, and was in grass sufficiently high to partially obscure him from view. He was last seen before his injury after the first train had passed and

before the last one. No one saw him lie down. The witness who saw him last was the engineer, who was introduced by the defendant and testified that he and Todd separated about twenty minutes before the last train came, and that he (witness) went to the front of his engine and laid down on the pilot where the head brakeman was lying, waiting for the train to pass. He explained that the crew had been working overtime, and were worn out and sleepy. This witness gave two somewhat conflicting depositions in the case. In one deposition he said Todd went back to the caboose for a drink of water, and on his return brought him (witness) a drink, and that he left Todd in the engine when he went forward to lie down on the pilot. In the other he testified that he (witness) went back to the caboose to get a drink of water and promised to bring Todd a drink on his return, but that the other train passed before he returned, and that as soon as he got back to the engine to pull out he saw Todd lying on the ground with his head on the tie in the injured condition already described.

The conductor and head brakeman both testified to seeing Todd, after the train passed, in the condition described. All three of the witnesses testified that when they first saw Todd he was lying in a natural position as if he was asleep. The conductor testified that the engineer came back to the caboose and told him that Todd had been killed, and he went forward where the latter was lying, and saw that his gloves were under his head. Neither of the other two witnesses referred to the fact of Todd's gloves being under his head.

Appellant's theory of the case is that Todd lay down and fell asleep on the ground, with his head resting on the end of the cross-tie, to await the coming of the expected train, and that some part of the engine or train struck his head as it passed along. This conduct on his part is urged as such an "unnecessary exposure to danger or obvious risk of injury" within the meaning of the language of the policy that relieved it from liability.

To combat this theory, the plaintiff introduced as a witness a physician and surgeon of experience who gave his opinion that, if a person was lying down relaxed in sleep, it would be improbable that a moving object could strike his skull a blow with sufficient force to crush it without disturbing the position

of the head. On cross-examination he said that it was possible for the head to have been moved by the blow and then to have relaxed into the original position.

The injury to the insured is conceded to have resulted from an accident, and the burden was upon appellant, as insurer, to show that it resulted from such an exposure to danger or risk so as to fall within the exemption from liability prescribed in the policy. The jury found it did not result from such exposure on the part of the assured. Now, can we say that the proof does not warrant such a finding? Are the proved facts such that different conclusions may be drawn therefrom? If so, it is our duty to allow the verdict of the jury to stand. *Grand Lodge A. O. U. W.* v. *Banister,* 80 Ark. 190.

It will be seen from the statement of facts already given that no one saw Todd put himself in a place of danger or knew of a certainty that he did so. It was a matter of conjecture that he lay down with his head on the cross-tie. It is possible for him to have received the injury in some other way. Nay, it seems improbable to the ordinary mind that a person familiar with such a danger would consciously expose himself to it so rashly; and, according to the opinion of the expert who testified on the subject, it is not probable that the injury resulted from such an exposure.

It is unnecessary for us to speculate as to how the accident might have otherwise occurred. It is sufficient if different conclusions may reasonably be drawn from the evidence as to the manner in which the accident occurred—whether on account of a danger to which the assured exposed himself unnecessarily or otherwise.

Error of the court is also assigned in the court's refusal to permit the engineer and brakeman to state their opinion, when asked to do so by appellant's counsel, to the effect that Todd could not have fallen in the position in which he was found, but must have laid down. Also in refusing to permit the conductor to state his opinion to the effect that the wound in the head of deceased "looked just like it had been made by the pilot beam of the engine." This court, in the case of *Little Rock Traction & Electric Co.* v. *Nelson,* 66 Ark. 494, approved the following statement of the law from the Supreme Court of Massachusetts

concerning the conditions upon which the admissibility of non-expert opinion testimony rests: "First, that the subject-matter to which the testimony relates cannot be reproduced or described to the jury precisely as it appeared to the witness at the time; and, second, that the facts upon which the witness is called upon to express his opinion are such as men in general are capable of comprehending." *Commonwealth* v. *Sturtivant,* 117 Mass. 122. And this court added that, "according to this rule, opinion evidence is not admissible when the fact is susceptible of being adequately exhibited to the jury in the ordinary way." Measured by the rule thus announced, it is plain that the opinion evidence offered in this case was not admissible, and the trial court properly excluded it.

Affirmed.