GARETSON-GREASON LUMBER Co. v. HOME LIFE & ACCIDENT COMPANY.

Opinion delivered December 17, 1917.

1. INSURANCE—LIABILITY INSURANCE.—The insured, in a policy of liability insurance, may assign a liability thereunder, and a restriction in the policy prohibiting the assignment of the policy during its life, does not apply.

2. INSURANCE—LIABILITY—ASSIGNMENT OF LIABILITY.—Appellee insured appellant against loss or expense resulting from legal liability for damages on account of bodily injury and accident suffered by any of its employees.   An employee of appellant was injured and recovered judgment against appellant.   Appellant borrowed money from the A. Surety Co., to pay the judgment, executed its note for same and secured it by an assignment to the A. Co. of its right of action against appellee; paid the money thus procured to the judgment holder in satisfaction of his judgment.   *Held,* this transaction involved a loss to appellant within the meaning of its policy in appellee company, and that the A. Co. succeeded to appellant's rights under the policy; that appellant parted with a valuable chose in action when it assigned the policy, and sustained an actual loss by payment in money, within the meaning of the "loss" and "money" clauses in the policy, when it paid its employee's judgment.

3.  PRINCIPAL AND SURETY—SUPERSEDEAS BOND—ASSIGNMENT TO
    SURETY.—Under the facts as detailed above, the A. Co., although
    surety on appellant's appeal bond, as assignee of the insurance
    policy or the liability thereunder, it succeeded to the rights of ap-
    pellant, its assignor, under the policy.

4.  INDEMNITY INSURANCE—TIME FOR BRINGING ACTION.—An indem-
    nity insurance policy provided that suit must be brought within
    ninety days after the payment of a judgment by the insured.
    The insured sued the indemnity company after paying a judg-
    ment against it within the terms of the policy, but the complaint
    did not allege when the judgment was paid, *held,* on demurrer
    the insurance company could not contend that the action was not
    brought in time.

5.  INDEMNITY INSURANCE—CONDITION PRECEDENT—TIME LIMIT.—A
    condition precedent in an indemnity policy is a condition to be per-
    formed before a right of action dependent upon it will accrue,
    such as proof of loss, etc., the performance of which should be
    pleaded in the complaint. A time limit clause is not a condition.

Appeal from Dallas Circuit Court; *Turner Butler,*
Judge; reversed.

*Crawford & Hooker,* for appellant.

1.   The demurrer was improperly sustained. The
grounds of demurrer urged were, (1) that the policy
was an indemnity policy and the lumber company never
paid the policy; (2) that the assignment of the policy
was a violation of the terms of the policy; (3) the lum-
ber company was insolvent and could not pay the pol-
icy; (4) that suit was not brought within ninety days.
These were all grounds of defense, not demurrer, and
should have been pleaded. 97 Kans. 275; 155 Pac. 59-
60, etc.

2.   The surety company loaned the money to pay
the judgment and took an assignment of the policy to
secure the loan. It did not pay the judgment as surety
in the supersedeas bond. It had the right to sue. 155
Pac. 60; Kirby's Digest, § § 5999-6005; 208 U. S. 404;
87 Ark. 60; 99 *Id.* 618; 103 *Id.* 473; 68 *Id.* 112; 43 L. R.
A. (N. S.) 614.

3.   The assignment of the policy was after condition
broken and merely the assignment of a chose in action

and did not fall within the terms of the policy prohibiting a transfer. 68 Ark. 8; 98 *Id.* 58; *Ib.* 340. See also, 240 Fed. 36-41; 191 S. W. 5.

*T. D. Wynne,* for appellee.

1. The policy was one of indemnity only and the lumber company sustained no loss in money. 167 S. W. 109; 59 L. R. A. 444; 20 L. R. A. (N. S.) 956; 7 *Id.* 958; 36 S. W. 1051. Nor did it pay in money.

2. The alleged payment was a mere subterfuge to deceive. 20 L. R. A. 956. The obligations of defendant depended upon a "condition precedent" never performed. 49 Wis. 438.

3. The American Surety Co. was primarily liable and paid the judgment as surety in the supersedeas bond. 116 Ark. 277; Kirby & Castle's Digest, § 1350; 29 Ark. 208.

4. The suit was not instituted within ninety days. 116 Ark. 277. The ninety-day provision was reasonable and valid.

HUMPHREYS, J. Garetson-Greason Lumber Company, for use of American Surety Company of New York, brought suit against the Home Life & Accident Company, of Fordyce, Arkansas, in the Dallas Circuit Court to recover $1,385 on an indemnity insurance policy issued by said Home Life & Accident Company to Garetson-Greason Lumber Company on the 31st day of May, 1912, insuring it against loss or expense resulting from legal liability for damages on account of bodily injury and accident suffered by any of its employees.

H. Goza was an employee of Garetson-Greason Lumber Company within the terms of the policy, and while performing his duties on the 24th day of June, 1912, his arm was caught and crushed in the sprocket wheel of the dust conveyer in the lumber company's mill. He instituted a suit against said lumber company to recover damages for the injury. The lumber company notified the insurance company to defend the suit but it failed to

do so. The lumber company made a defense but Goza recovered a judgment against it for $1,250 on account of the injury. The lumber company appealed the case and executed a supersedeas bond with the American Surety Company of New York as surety thereon. When the judgment was affirmed by the Supreme Court it amounted, including interest and costs, to $1,385. The lumber company paid the judgment. It borrowed the money with which to pay it from the American Surety Company of New York, executed a note for same and sesured the note by an assignment of the policy of insurance to said surety company. The amount so paid, together with attorney's fees incurred in defending Goza's suit, constituted the basis of this action.

The policy of insurance contained the following clause: "No action shall lie against the company to recover for any loss or expense under this policy unless it shall be brought by the assured for loss or expense actually sustained and paid in money by him after actual trial of the issue, nor unless such action is brought within ninety days after payment of such loss or expense * * *."

The policy also contained a clause prohibiting the assignment thereof without the written consent of the company indorsed on the policy by an executive officer. The complaint in the instant case set out the facts stated above.

A general demurrer was filed to the complaint stating that the matters and facts set forth in the complaint did not constitute a cause of action against appellee.

The court sustained the demurrer to the complaint, and appellant refusing to plead further, the complaint was dismissed. An appeal has been prosecuted to this court.

(1) The circuit court sustained the demurrer and dismissed the complaint upon the theory that the American Surety Company of New York paid the Goza judgment as a primary obligation on the supersedeas bond,

and for that reason had no right of action against appellee under the assignment of the insurance policy. We can not agree with counsel for appellee. Notwithstanding the restricted assignment clause in the policy to the effect that the policy should not be assigned without the written consent of the company, indorsed on the policy by an executive officer of said company, Garetson-Greason Lumber Company had a right to assign its right of action against the Home Life & Accident Company to whomsoever it pleased. The restriction simply prevented the assignment of the policy during its life, and had no application whatever to the assignment of a liability thereunder. *Maryland Casualty Co.* v. *Omaha Electric Light & Power Co.,* 157 Fed. 514; *McBride* v. *Aetna Life Ins. Co.,* 126 Ark. 528.

(2-3) Under the allegations of the complaint, confessed to be true by the demurrer, the Garetson-Greason Lumber Company borrowed sufficient money from the American Surety Company of New York to pay the Goza judgment, executed its note for same and secured it by an assignment to the surety company of its right of action against the Home Life & Accident Company, and paid the money thus procured to Goza in satisfaction of his judgment. This transaction involved a loss to Garetson-Greason Lumber Company within the meaning of the "actual loss" clause in the policy. While it is true under the law in this State that sureties on an appeal or supersedeas bond are primarily liable to the judgment creditor, yet it is as well settled that they are sureties only as between the judgment creditor and themselves. As assignees of the insurance policy or the liability thereunder, the American Surety Company succeeded to the rights of its assignor, Garetson-Greason Lumber Company, under the policy. *The American Surety Co. of New York, Appellee,* v. *Maryland Casualty Co., Appellant,* 97 Kan. 275; *Pacific Coast Casualty Co.* v. *General Bonding & Casualty Co.,* 240 Fed. 36.

It is insisted that the complaint failed to allege the payment of the judgment in money required by the "money" clause in the policy. The complaint alleged that appellant paid the judgment and that in order to do so, it procured the money so paid from the American Surety Company. We think this allegation brings the payment technically within the clause of the policy. However, this court in passing upon a clause in an indemnity policy said: "It is scarcely fair to construe the language to mean that it applied only to currency actually handed over and not to a *bona fide* payment in other property." *McBride* v. *Aetna Life Insurance Co.*, 126 Ark. 528.

It is quite apparent under the allegations of the complaint that the Garetson-Greason Lumber Company parted with a valuable chose in action when it assigned the policy; and that it paid actual money in the settlement of the Goza judgment. So there was an actual loss in payment in money by appellant within the meaning of the "loss" and "money" clauses of the policy when it paid the Goza judgment.

It is insisted, however, that the complaint was subject to demurrer for failure to allege that suit was brought within ninety days after the payment of the Goza judgment. The policy provided that no action should lie unless brought within ninety days after loss. This contention presupposes that a time limit clause in an indemnity policy is a condition precedent. A condition precedent in an indemnity policy is a condition to be performed before a right of action dependent upon it will accrue, such as proof of loss, etc., the performance of which should be pleaded in the complaint. Kirby's Digest, § 6133. A time limit clause within which to bring suit deals with an action after accrual and is not a condition, the performance of which is necessary to create an action. In that regard, it is akin to a statute of limitation and must be pleaded as a defense unless the bar under the limitation stipulation in the policy were patent on the face of the complaint. In that event, it might be

reached by demurrer. The complaint did not allege when the Goza judgment was paid, hence it is not certain on the face of the complaint when the right of action accrued, and, for that reason, could not be reached by demurrer.

The judgment is reversed and remanded with instructions to overrule the demurrer to the complaint.