PLANTERS' NATIONAL BANK v. LAWRENCE COUNTY BANK.

Opinion delivered February 13, 1928.

1. INSURANCE—ASSIGNABILITY OF POLICY.—The right of action on a fire insurance policy is assignable under the statute.

2. INSURANCE—EFFECT OF ASSIGNMENT OF INSURED'S INTEREST.—An assignment purporting to assign the interest of insured as owner of insured property, subject to the consent of the insurer, made after the property was destroyed by fire, *held* to be an assignment by insured of his right of action against the insurer, regardless of the insurer's consent, and the assignee was entitled to the proceeds paid into the registry of court, as against a creditor of the insured afterwards bringing garnishment proceedings against the insurer.

Appeal from Lawrence Chancery Court, Eastern District; *A. S. Irby*, Chancellor; reversed.

STATEMENT OF FACTS.

It is conceded that the sole issue raised by this appeal is as to whether the appellant or appellees are entitled to the proceeds of an insurance policy for $1,000 paid into the registry of the court for Charles Jones, a debtor of appellant and appellees.

The property insured by Charles Jones was destroyed by fire on November 17, 1926, and the insurance company was subsequently garnished by appellees as creditors of Charles Jones. Appellant also claimed the proceeds of the policy by assignment dated November 20, 1926, which reads as follows:

"Assignment of interest of insured. The interest of Charles Jones, as owner of the property covered by this policy, is hereby assigned to Planters' National Bank, subject to the consent of Home Fire Insurance Company of Little Rock, Arkansas. (Signed) Chas. Jones (Signature of insured). Dated November 20, 1926."

The insurance company paid the $1,000 due on the fire insurance policy into the registry of the court, to be paid out as the court should direct. The chancery court found the issue in favor of the appellees, and it was decreed that the proceeds of the policy should be

paid to them. To reverse that decree the appellant has duly prosecuted an appeal to this court.

*Cunningham & Cunningham,* for appellant.

*G. M. Gibson,* for appellee.

HART, C. J. We think the decision of the chancellor was wrong. He evidently proceeded upon the theory that the instrument copied in our statement of facts did not amount to an assignment of a right of action on the policy. This court has held that the right of action on an insurance policy is assignable under our statute, and that a clause in the policy against assignment without consent of the company applies only to assignments during the lifetime of the policy, and not to an assignment of liability which has already accrued under the policy. *McBride* v. *Ætna Life Insurance Co.,* 126 Ark. 528, 191 S. W. 5, and *Garetson-Greason Lumber Co.* v. *Home Life & Accident Co.,* 131 Ark. 525, 199 S. W. 547. To the same effect see *Mosaic Templars of America* v. *Hearon,* 153 Ark. 568, 241 S. W. 35, 27 A. L. R. 1147, where it was held that, unless a contract of insurance contains a restriction concerning assignments, an insurance policy may ordinarily be assigned in any form recognized by law, even by oral assignment.

After the property insured was destroyed by fire, the assignment of the interest of the insured copied in our statement of facts was made. This was done before the garnishment of the company in favor of the appellee. The instrument purports to assign the interest of Charles Jones as owner of the property covered by the policy, subject to the consent of the insurance company. When we consider that this was done after the property had been destroyed, it is reasonable to construe the instrument as an assignment by the insured of his right of action against the insurance company, and we are of the opinion that the chancery court erred in not so holding.

The decree will therefore be reversed, and the cause will be remanded with directions to the chancery court to enter a decree in favor of the appellant.