LIFE & CASUALTY INSURANCE COMPANY OF TENNESSEE
*v.* BAREFIELD.

4-3042

Opinion delivered June 26, 1933.

*Moreau P. Estes,* for appellant.

*John G. Rye* and *J. B. Ward,* for appellee.

SMITH, J. This is a suit on an accident policy, and from a judgment in favor of the insured is this appeal.

The complaint alleged that the plaintiff was traveling north in a Ford coupe, in company with his son, when they met a large sedan traveling in the opposite direction at a high rate of speed, and just as the cars were passing the sedan ran over a stick and "flipped the said stick in the direction of the car in which the plaintiff was riding, striking the said car at the front of the left-hand door. The stick was hurled into the car and struck the plaintiff in the right eye, causing said plaintiff to lose the total and irrecoverable sight of said right eye. That the accident above referred to is covered by the terms of said policy; that said accident occurred while said policy was in full force and effect."

The cause was heard on a stipulation, which recited that "the facts are as stated in the complaint at law filed by the plaintiff, and, if the facts so stated make out a case of liability against the defendant in favor of the plaintiff, the court is authorized to render a judgment

against the defendant in favor of the plaintiff for the sum of $1,625, and penalty of 12 per cent. if the court finds plaintiff is entitled to said penalty from the facts stipulated herein, subject to defendant's right to except and appeal to the Supreme Court of Arkansas for a reversal of such judgment.''

The stipulation incorporated the relevant portion of the policy sued on, which reads as follows: The appellant insures the plaintiff against the result of certain bodily injuries, including the loss of an eye, ''if the insured shall [suffer such injuries] by the collision of or by any accident to any railroad passenger car, passenger steamship, public omnibus, street railway car, taxicab or automobile, stage or bus, which is being driven or operated at the time by a person regularly employed for that purpose, and in which such insured is traveling as a fare-paying passenger or on which he is lawfully riding on a pass; or by the collision of or by any accident to any private horse-drawn vehicle or private motor-driven car in which insured is riding or driving; or shall [suffer them] by any accident to any passenger elevator in which insured is riding as a passenger; provided that in all cases referred to in this paragraph there shall be some external or visible evidence on said vehicle of the collision or accident.''

For the reversal of the judgment of the court below, it is insisted that, under the stipulation as to the facts, there is no evidence that there was any ''external or visible evidence on said vehicle of a collision or accident,'' as required by the policy, and also that no causal connection was shown between the loss of the eye and the accident to the car.

It appears, however, that there was an accident to the car. It was an accident, within the meaning of the policy, for the flying stick to strike the car, and in striking the car the stick was deflected so as to strike the plaintiff and cause the loss of his eye, and, if it be said that there was left no external or visible evidence on the car of the accident, this provision was in the nature of an exception to the event insured against, to-wit, that

the insured, while riding in one car, should be accidentally injured through the operation of another. Plaintiff having made proof that he was so injured, the burden was upon the insurer to show that the case fell within an exception to the contract by which the insurer had indemnified the insured against such an injury.

The rule appears to be that, when proof is made of damage apparently within a policy of insurance, the burden is on the insurer to show that the injury or damage was caused by an event from the occurrence of which the insured had exempted itself from liability. The rule is stated at § 599 of the chapter on Insurance in 14 R. C. L., page 1437, as follows: "Where proof is made of a loss apparently within a policy, the burden is on the insurer to prove that the loss arose from a cause for which it is not liable. Accordingly, while the plaintiff in an action on an accident policy must prove that the death was caused by accidental means, yet where *prima facie* evidence of that fact has been adduced, the defendant must show that the death of the insured resulted from an excepted cause."

The following, among other decisions of this court, are to the same effect: *Grand Lodge, A. O. U. W.,* v. *Banister,* 80 Ark. 190, 96 S. W. 742; *Continental Casualty Co.* v. *Todd,* 82 Ark. 214, 101 S. W. 268; *Ætna Life Ins. Co.* v. *Taylor,* 128 Ark. 155, 193 S. W. 540; *Harrison* v. *Interstate Business Men's Acc. Ass'n,* 133 Ark. 163, 202 S. W. 34; *Mutual Life Ins. Co. of New York* v. *Raymond,* 176 Ark. 879, 4 S. W. (2d) 536.

We are of the opinion also that there was such causal connection, under the provisions of the policy, between the accident and the injury as to sustain the judgment of the court. The flipping of the stick was clearly an accident. The stick was thrown against the car, and, after striking the car, was so deflected that it struck the plaintiff and injured him. That the stick did strike the car, and was deflected in so doing, is a fact which the parties have stipulated to be true, and this stipulation, in our opinion, distinguishes the instant case from that of *Life & Casualty Ins. Co. of Tennessee* v. *Whitehurst,*

148 So. 162, decided by the Court of Appeals of Alabama, which was cited by appellant and relied upon as announcing the legal principle which should control our decision.

It is finally insisted that the trial court erred in assessing a penalty and attorney's fee in this case, for the reason that the insurer had defended in good faith under the belief that it was not liable. We have held, however, to the contrary. The plaintiff recovered the full amount sued for; indeed, there was a stipulation declaring the extent of the liability if the insurer was liable at all, and the fact that the assertion of nonliability was made in good faith is no valid defense to the assessment of a penalty and the allowance of an attorney's fee, as provided in § 6155, Crawford & Moses' Digest. There was a review of what we regarded as the controlling authorities upon this subject in the recent case of *Missouri State Life Ins. Co.* v. *Fodrea,* 185 Ark. 155, 46 S. W. (2d) 638, and we do not again review them.

As we construe the contract sued on, the judgment is correct, and it is therefore affirmed.