ARKANSAS FARM BUREAU INS. FEDERATION and Farm Bureau Mutual Ins. Co. of Arkansas, Inc. *v.* Eleanor RYMAN

92-107                                                    831 S.W.2d 133

Supreme Court of Arkansas
Opinion delivered May 11, 1992

284

*Laser, Sharp, Mayes, Wilson, Bufford & Watts, P.A.*, by: *Alfred Angulo, Jr.* and *Brian Allen Brown*, for appellants.

*John C. Aldworth*, for appellee.

JACK HOLT, JR., Chief Justice. This appeal concerns a provision in an insurance policy, providing coverage for accidental death arising out of motor vehicle use, which requires the insured to have been wearing a seat belt at the time of the accident in order to effectuate coverage. The case was certified to us from the Arkansas Court of Appeals under Ark. Sup. Ct. R. 29.4(b) as involving an issue of significant public interest.

The facts are not in dispute.

On September 20, 1989, Granville Ryman suffered fatal injuries in an automobile accident. As a member in good standing of the Van Buren County Farm Bureau, having paid his membership dues for 1989 and previous years, Mr. Ryman was insured in the case of accidental death by motor vehicle accident in the amount of $2,000. The applicable coverage provision provided in pertinent part: "However, at the time of the accident, the person insured must be be wearing a factory installed seat belt or lap and shoulder restraint, verifiable by the investigating officer."

When the investigating police officer arrived at the scene of the accident, paramedics were transferring Mr. Ryman from his

car to the ambulance. The officer was unable to determine whether Mr. Ryman had been wearing a seat belt, although proper restraints were present in the car. Mrs. Eleanor Ryman, who was a passenger in the car, could not recall any of the details of the accident or whether Mr. Ryman had been wearing a seat belt. Furthermore, none of the ambulance personnel working at the accident could recall whether Mr. Ryman had been wearing a restraint when he was removed from the vehicle.

When the appellants denied coverage under the policy, Mrs. Ryman filed a complaint in the Municipal Court of Clinton, Arkansas. The parties stipulated to the facts and the matter was submitted on briefs. Summary judgment was granted in Mrs. Ryman's favor and the appellants appealed to the Van Buren County Circuit Court. The appellants again moved for summary judgment, requesting the circuit court to find that the seat belt requirement constituted a condition precedent to recovery under the policy and, therefore, Mrs. Ryman had the burden of proving the condition was satisfied. Since she could not do so, the appellants argued her claim should be dismissed. Mrs. Ryman responded that the provision actually amounted to an *exclusion* under the policy and the burden of proof lay with the insurer.

In its judgment, the circuit court did not address the merits of the arguments submitted but, *sua sponte*, held the provision to be "unconscionable and contrary to public policy." Mrs. Ryman was awarded the amount of coverage, together with penalties and interest, and attorney's fees.

The appellants now argue the circuit erred in finding the policy unconscionable and reassert their arguments as to the nature of the provision and who bears the burden of proof. Neither party disputes the case is appropriate for summary judgment, since there are no genuine issues of fact remaining. *See Dillard* v. *Resolution Trust Corp.*, 308 Ark. 357, 824 S.W.2d 387 (1992). We hold the trial court was correct, even though it announced the wrong reason, and affirm. *See Smackover State Bank* v. *Oswalt*, 307 Ark. 432, 821 S.W.2d 757 (1991).

■ The parties are correct in their respective arguments that the existence of a condition precedent places the burden of proof on the insured, *see* 13A G. Couch, *Couch on Insurance 2d.*, § 79:342 (1983), while the insurer has the burden of proving an

exclusion. *See State Farm Mutual Auto Ins. Co.* v. *Baker*, 239 Ark. 298, 388 S.W.2d 920 (1965); *Financial Security Life Assurance Co.* v. *Wright*, 254 Ark. 791, 496 S.W.2d 358 (1973). We agree with Mrs. Ryman, however, that the provision here involved an exclusion.

"Coverage B" of the policy provides: "The Company will pay for accidental death of a person insured under this policy. Such accident must arise out of the use or occupancy of a land motor vehicle designed and licensed for use on public roads. *However*, at the time of the accident, the person insured must be wearing a factory installed seat belt or lap and shoulder restraint, verifiable by the investigating officer." (Emphasis added.)

A similarly worded provision was involved in *Life and Casualty Ins. Co. of Tennessee* v. *Barefield*, 187 Ark. 676, 61 S.W.2d 698 (1933). There, the insured lost an eye when a stick was thrown toward the insured's car by another passing vehicle. The parties were bound by an insurance policy which covered bodily injuries caused by accidents from motor vehicles "*provided* that . . . there shall be some external or visible evidence on said vehicle of the collision or accident." (Emphasis added.) This court construed the provision to be in the nature of an exclusion, thereby placing the burden on the insurer to show such external damage to the insured's car. Likewise, the limiting language under the general coverage provision in this case could be construed as an exclusion.

At the least, the policy is ambiguous as to the nature of the provision. Under the "Exclusions" section of the policy, it states: "No benefits are payable under this policy: . . . . (b) Except as provided under Coverage B above, from accidents arising out of the use or occupancy of any land motor vehicle designed and licensed for use on the public roads. . . ." One interpretation, as Mrs. Ryman argues, is that exclusion (b) requires one to refer back to the limiting conditions regarding the use of a seat belt under "Coverage B", thereby indirectly placing the seat belt requirement under the list of exclusions. The limiting language can again be found under the "Notice and Proof of Claim" section, which states that the use of seat belts or restraints "must be verified by the investigating police officer signing the uniform traffic report." The appellants argue the inclusion of the require-

ment under this section necessarily makes it a condition precedent to recovery.

We have held if there is doubt or uncertainty as to the policy's meaning and it is fairly susceptible of two interpretations, one favorable to the insured and the other favorable to the insurer, the former will be adopted. *Home Indemnity Co.* v. *City of Marianna*, 297 Ark. 268, 761 S.W.2d 171 (1988). Provisions contained in a policy of insurance must be construed most strongly against the insurance company which prepared it, and if a reasonable construction may be given to the contract which would justify recovery, it is the duty of the court to do so. *Id.*

We thus hold the requirement that the insured be wearing a seat belt at the time of the accident, such fact to be verified by the investigating officer, to constitute an exclusion under the policy, rather than a condition precedent, thereby placing the burden on the insurer to prove Mr. Ryman fell within such an exclusion. Since the insurer was unable to do so, we uphold the trial court's granting of summary judgment in Mrs. Ryman's favor.

Affirmed.

GLAZE, J., not participating.