## SOUTHERN FARM BUREAU CASUALTY INSURANCE COMPANY *v.* Barbara SPEARS and Jerl Saeler

04-815                                              200 S.W.3d 436

### Supreme Court of Arkansas
### Opinion delivered December 16, 2004

*Wright, Berry, Hughes & Moore*, by: *Rodney P. Moore*, for appellant.

*Holleman & Associates, P.A.*, by: *John T. Holleman, IV*, and *Stacy D. Fletcher*, for appellees.

JIM HANNAH, Justice. Appellant Southern Farm Bureau Casualty Insurance (Farm Bureau) appeals from a jury verdict in Dallas County Circuit Court in favor of appellee Barbara Spears. Spears was driving a car owned by Jerl Saeler when a Coyote C-26 front-end loader, owned by the City of Fordyce and operated by Joseph Watson, collided with the vehicle. The jury found that Spears was entitled to uninsured-motorist coverage under an automobile policy with Farm Bureau, awarding damages in the amount of $15,188. Farm Bureau moved for judgment notwithstanding the verdict, which was denied.

On appeal, Farm Bureau argues that the circuit court erred in denying its motion for judgment notwithstanding the verdict because the jury delivered inconsistent verdicts and because Spears failed to meet her burden of proving that the front-end loader was an uninsured auto as defined in the insurance policy under which Spears was insured. In addition, Farm Bureau argues that the circuit court erred in instructing the jury that ambiguous terms in the insurance policy were to be construed against the insurer because Spears failed to present proof that the insurance policy contained ambiguous terms.

We hold that the circuit court erred in denying Farm Bureau's motion for judgment notwithstanding the verdict and, accordingly, we reverse and dismiss. As this is the second appeal of this matter to this court, our jurisdiction is pursuant to Ark. Sup. Ct. R. 1-2(a)(7).

*Facts*

A full recitation of the facts was set forth in the prior appeal of this case. *Spears v. City of Fordyce*, 351 Ark. 305, 92 S.W.3d 38 (2002) (*Spears I*). Here, we recite the facts that are pertinent to this appeal. In *Spears I*, Spears[1] filed a complaint against the City of Fordyce, Joseph Watson, the operator of the front-end loader, and the Arkansas Public Entities Association (collectively referred to as "the City"), alleging that she suffered physical injuries and prop-

---

[1] Both Spears and Saeler, the owner of the vehicle Spears was driving, filed suit. For convenience, we refer only to Spears.

erty damages as a result of the negligence of the City of Fordyce and Joseph Watson. In addition, Spears claimed that she was entitled to receive benefits from Farm Bureau, based on an underinsured-motorist policy. The City filed a motion for summary judgment, arguing in part that the City was not required to carry liability insurance on the front-end loader because it was not a motor vehicle. Subsequently, Spears amended her complaint and alleged that in the event the circuit court determined that the City was immune from suit, she was entitled to recover the entire policy limits from an uninsured-motorist policy.

The circuit court granted the City's motion for summary judgment, finding that the City was immune from liability except to the extent of coverage by liability insurance. Further, the circuit court found that insurance coverage was not required for the front-end loader because it was "special mobile equipment" pursuant to Ark. Code Ann. § 27-14-211 (Repl. 1994), and, as such, was not subject to registration with the State pursuant to Ark. Code Ann. § 27-14-703 (Repl. 1994).

Farm Bureau filed a motion for summary judgment, arguing that Spears's claim for benefits from the uninsured-motorist policy was improper because the front-end loader was not an "auto" as defined in the policy. The circuit court granted Farm Bureau's motion for summary judgment, finding that a front-end loader was special mobile equipment and was not a vehicle that was designed primarily to be used on public roads. Based on this finding, the circuit court concluded that Spears could not recover from the uninsured-motorist policy. In that case, we reversed and remanded the order of the Dallas County Circuit Court granting summary judgment in favor of the City of Fordyce, Joseph Watson, and the Arkansas Public Entities Risk Management Association.

Spears raised two points on appeal in *Spears I.* In her first point on appeal, she argued that the circuit court erred in determining that the front-end loader was "special mobile equipment" and, thus, not subject to registration with the State. We agreed and concluded that the appellants raised a genuine issue of fact as to whether the operation of the front-end loader on public roads was frequent and regular or merely incidental. *See Spears I,* 351 Ark. at 315, 92 S.W.3d at 44. Accordingly, we found that until this disputed factual question was resolved, it was impossible for us to determine whether the front-end loader is excepted from the statutory definition of "motor vehicle." *See id.*

In her second point on appeal, Spears argued that the circuit court erred when it granted Farm Bureau's motion for summary judgment. We held that the motion for summary judgment was premature, stating:

> Specifically, we conclude that the issue of whether appellants may recover from Farm Bureau is not ripe for consideration until the issue of whether the City was required to carry insurance on the front-end loader is resolved. Because we have determined that this issue is not yet resolved, any consideration by the trial court of a motion for summary judgment in favor of Farm Bureau was premature, and any review by this court of the disposition of such a motion would also be premature. Accordingly, we decline to consider the merits of appellants' second point on appeal.

*Spears I*, 351 Ark. at 315, 92 S.W.3d at 44.

After our reversal in *Spears I*, in a bifurcated trial, the jury found by a preponderance of the evidence that the front-end loader owned and operated by the City constituted "special mobile equipment" as defined in § 27-14-211.[2] Farm Bureau moved for a directed verdict. The circuit court denied the motion and submitted to the jury the issue of whether Spears was entitled to recover damages from Farm Bureau through uninsured-motorist coverage.

The jury returned a verdict in favor of Spears and fixed her damages at $15,188.00. Subsequently, Farm Bureau filed a motion for judgment notwithstanding the verdict, raising the same arguments that it does here on appeal. The circuit court denied the motion, and this appeal followed.

### Inconsistent Jury Verdicts

We begin by addressing Farm Bureau's argument that the jury verdicts in this case are inconsistent because as a matter of law, once the jury determined that the front-end loader was "special mobile equipment" in Spears's case against the City, it could not then determine that the front-end loader was an "auto" in Spears's case against Farm Bureau. Specifically, Farm Bureau contends that upon the jury's determination that the front-end loader was special mobile equipment, the question of whether or not the uninsured-

---

[2] Spears does not appeal this finding.

motorist protection of the insurance policy applied was resolved because the front-end loader could not be both "special mobile equipment" and an "auto" at the same time. We disagree with Farm Bureau's argument that the issue was *resolved* once the jury determined that the front-end loader was special mobile equipment in Spears's case against the City. Rather, the issue of whether the front-end loader was special mobile equipment was the *threshold* issue in this case. Section 27-14-211 provides in part:

> "Special mobile equipment" means every vehicle *not designed or used primarily for the transportation of persons or property* and incidentally operated or moved over the highways, including farm tractors, road construction or maintenance machinery, ditch-digging apparatus, well-boring apparatus, and concrete mixers.

(Emphasis added.)

■ Since municipalities are immune from liability and from suit for damages except to the extent that they may be covered by liability insurance, *see* Ark. Code Ann. § 21-9-301, and municipalities are not required to maintain liability insurance on special mobile equipment, *see* Ark. Code Ann. § 27-14-703, then a finding by the jury that the front-end loader was special mobile equipment means that the City was not required to maintain liability insurance on the front-end loader. At that point, Spears could recover from: (1) the City if, despite not being required to maintain liability insurance, it had insured the front-end loader, or (2) Farm Bureau, if the front-end loader was an uninsured auto under the insurance policy.

Still, Farm Bureau maintains that a vehicle which is deemed "special mobile equipment" and not a "motor vehicle" pursuant to § 27-14-211 cannot be deemed an "auto" under the insurance policy. Perhaps this would be so if the definition of "special mobile equipment" under § 27-14-211 were the same as the definition of "auto" as set out in the insurance policy. However, that is not the case here.

■ "Special mobile equipment," in relevant part, is "every vehicle *not designed or used primarily for the transportation of persons or property* and incidentally operated or moved over the highways. . . ." Ark. Code Ann. § 27-14-211(emphasis added). The definition of "auto," as set out in the insurance policy, is "a motor vehicle, semi-trailer or trailer *designed primarily to be used on public*

*roads.*" (Emphasis added.) Clearly, a vehicle could be designed primarily to be *used* on public roads, even though it is not designed or used primarily for the *transportation* of persons or property over the highways. Therefore, we reject Farm Bureau's argument that, as a matter of law, the front-end loader at issue cannot be both "special mobile equipment" under the Arkansas Code and an "auto" under the terms of the insurance policy.

### Judgment Notwithstanding the Verdict

A circuit court is to evaluate a motion for judgment notwithstanding the verdict by deciding whether the evidence is sufficient for the case to be submitted to the jury; that is, whether the case constitutes a *prima facie* case for relief. *Wal-Mart Stores, Inc. v. Tucker*, 353 Ark. 730, 120 S.W.3d 61 (2003). In making that determination, the circuit court does not weigh the evidence; rather, the circuit court is to view the evidence in a light most favorable to the party opposing the motion. *Id.* The standard of review for a motion for judgment notwithstanding the verdict is whether there is substantial evidence to support the jury verdict. *Cadillac Cowboy, Inc. v. Jackson*, 347 Ark. 963, 69 S.W.3d 383 (2002). Substantial evidence is evidence of sufficient force and character to compel a conclusion one way or the other with reasonable certainty; it must force the mind to pass beyond suspicion or conjecture. *Id.* A motion for directed verdict at the close of all the evidence is a prerequisite to a post-trial motion for judgment notwithstanding the verdict. Ark. R. Civ. P. 50(b)(1).

In this case, the circuit court instructed the jury that Spears's claim against Farm Bureau was based on an insurance policy for uninsured-motorist coverage, and that to prevail on her claim, Spears had the burden of proving: (1) that she sustained damages; (2) that Joseph Watson was negligent; (3) that such negligence was a proximate cause of Spears's damages; (4) that an insurance policy issued by Farm Bureau for the benefit of Spears containing uninsured-motorist coverage was in effect at the time of the collision; and (5) that the front-end loader was an uninsured auto as defined in the insurance policy. Further, the circuit court stated:

> You are instructed that an uninsured motorist provision of the policy under which Barbara Spears was insured, provided as follows:
>
> > Uninsured Motorist Coverage. This coverage will pay bodily injury damages, except punitive damages, that you are legally

entitled to collect from the owner or driver of an uninsured auto. Bodily injury must be caused by an accident arising out of the operation, maintenance, or use of the uninsured auto.

You are instructed that the term auto, as used in plaintiff's automobile policy, means "a motor vehicle, semi-trailer or trailer designed primarily to be used on public roads."

\* \* \*

Farm Bureau argues that the circuit court erred in denying its motion for judgment notwithstanding the verdict because Spears failed to present proof that the front-end loader was an "auto" as defined in the insurance policy. Specifically, Farm Bureau contends that Spears failed to offer substantial evidence that the front-end loader was "designed primarily to be used on public roads." Farm Bureau maintains that the focus of Spears's proof at trial was the actual use of the front-end loader, as opposed to the purpose of the design of the front-end loader.

At trial, Joseph Watson, the operator of the front-end loader at the time of the accident, stated that the City used the front-end loader for cleaning ditches or making ditches, as well as clipping buildup on the side of the street and loading gravel and dirt. He further stated that the front-end loader was used frequently on the city streets. Watson testified that the front-end loader was designed for the purpose of "mov[ing] dirt." Mayor William Lyon testified that vehicles such as front-end loaders are designed to be used "off the street." No further evidence was presented concerning the purpose of the front-end loader's design.

As stated previously, Spears had the burden of proving that the front-end loader was an uninsured "auto" under the insurance policy. We agree with Farm Bureau's contention that the evidence presented at trial failed to prove that the front-end loader was "designed primarily to be used on public roads" and, thus, an "auto" as defined in the insurance policy.[3] Since Spears failed to present sufficient evidence to prove that the front-end loader was an uninsured auto under the insurance policy, an essential element in this case, we conclude that there is not

---

[3] Our resolution of the issue on this basis makes it unnecessary to address whether the front-end loader was uninsured.

substantial evidence to support the jury's verdict in favor of Spears. As such, we hold that the circuit court erred in denying Farm Bureau's motion for judgment notwithstanding the verdict, and we reverse and dismiss. It is unnecessary for us to address Farm Bureau's remaining arguments on appeal.

Reversed and dismissed.

THORNTON, J., not participating.