SLIP OPINION

Cite as 2017 Ark. App. 207

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV–16–842

| | |
|---|---|
| FARM BUREAU MUTUAL INSURANCE COMPANY OF ARKANSAS, INC.<br><br>APPELLANT<br><br>V.<br><br>FUTURE DAVENPORT<br><br>APPELLEE | **Opinion Delivered** April 5, 2017<br><br>APPEAL FROM THE ST. FRANCIS COUNTY CIRCUIT COURT<br>[NO. 62CV-12-77]<br><br>HONORABLE CHALK MITCHELL, JUDGE<br><br>AFFIRMED |

**PHILLIP T. WHITEAKER, Judge**

Farm Bureau Mutual Insurance Company of Arkansas, Inc. ("Farm Bureau") appeals from a jury verdict in favor of appellee Future Davenport. On appeal, Farm Bureau challenges the St. Francis County Circuit Court's denials of its motion for directed verdict and its motion for judgment notwithstanding the verdict (JNOV); in addition, Farm Bureau challenges the circuit court's rejection of its proposed jury instructions. We affirm.

I. *Background*

Davenport is the owner of two homes: one located in Battle Creek, Michigan, and the other located on Hudspeth Street in Palestine, Arkansas ("the Hudspeth house"). Davenport purchased a policy from Farm Bureau that insured the Hudspeth house against loss caused by fire, vandalism, or malicious mischief. In September 2010, while Davenport was at her home in Michigan, two individuals broke into the Hudspeth house and caused a fire that destroyed the property. Davenport made a claim with Farm Bureau for the loss,



claiming the policy limits of $82,000 on the dwelling and $40,000 on the contents. Farm

Bureau denied the claim, however, asserting that the home had been unoccupied at the time

of the fire and thus the loss was not covered pursuant to the following provision in the

insurance policy:

**CONDITIONS**

12.  Vacancy or Unoccupancy

If **you** vacate or fail to occupy the dwelling on the **residence premises** for a period of thirty (30) consecutive days, **we** will not cover loss to any property caused by the following perils:

(a) **vandalism** or malicious mischief;
(b) breakage of glass;

**We** shall not be liable for any property loss if **you** vacate or fail to occupy the dwelling on the **residence premises** for a period of sixty (60) consecutive days.

(Emphasis in original.) The insurance policy also defined the terms "unoccupied" and "you"

as follows:

The word "**unoccupied**" means being without human inhabitants, but containing enough furnishings or other personal property to show an intention to return and occupy the dwelling at the address shown on **your Declaration**.

The words "**you**" and "**your**" mean the person or persons listed as a named insured on the **Declaration**. This also includes **your** spouse and dependent relatives if they are living in **your** dwelling located at the address shown on the **Declaration**.

(Emphasis in original.)

Davenport filed suit against Farm Bureau in the St. Francis County Circuit Court,

seeking payment of her claim, plus attorney's fees and the twelve percent penalty provided

by Arkansas Code Annotated section 23-79-208 (Repl. 2014). Farm Bureau answered,

admitting that Davenport had purchased a policy of insurance from it and that vandals had

set the residence on fire in September 2010. It denied that Davenport had coverage, however, because she had "failed to comply with all of the terms, conditions, and provisions of the policy. The loss in question is not covered because the Plaintiff's house in issue was vacant and unoccupied for 60 days at the time of the loss."[1]

The matter proceeded to a jury trial. After the circuit court denied Farm Bureau's motion for directed verdict, the jury returned a unanimous verdict in Davenport's favor. Farm Bureau filed a timely motion for JNOV, which the circuit court also denied. Farm Bureau then filed a timely notice of appeal and now presents this court with four arguments for reversal.

## II. *Denial of Motion for Directed Verdict*

In its first argument on appeal, Farm Bureau contends that the circuit court should have granted its motion for directed verdict. It maintains that the "unoccupancy" provision in its insurance policy was a condition of coverage and that the burden was therefore on Davenport to show the existence of coverage. Farm Bureau also maintains that Davenport failed to present sufficient evidence to demonstrate that the property was not unoccupied and therefore failed in her burden of proof.

Before considering whether Farm Bureau's directed-verdict motion should have been granted, we must first determine which party bore the burden of proof in this case. Our supreme court's decisions indicate that the existence of a condition precedent in an insurance-policy provision places the burden of proof on the insured; the insurer, however,

---

[1]"Vacant" was also a term defined by the policy, but Farm Bureau subsequently admitted that the house was not "vacant" as the term was used in the policy.

has the burden of proving an exclusion contained within an insurance-policy provision. *Ark. Farm Bureau Ins. Fed'n v. Ryman*, 309 Ark. 283, 831 S.W.2d 133 (1992) (citing 13A G. Couch, *Couch on Insurance 2d*, § 79:342 (1983); *State Farm Mut. Auto Ins. Co. v. Baker*, 239 Ark. 298, 388 S.W.2d 920 (1965); *Fin. Sec. Life Assurance Co. v. Wright*, 254 Ark. 791, 496 S.W.2d 358 (1973)). Thus, we must first determine whether the "unoccupancy" policy provision is a condition or an exclusion.

There is a distinct difference between a condition and an exclusion in an insurance policy. A "condition precedent" in an insurance policy is "a condition to be performed before a right of action dependent upon it will accrue, such as proof of loss[.]" *Hill v. Farmers Union Mut. Ins. Co.*, 15 Ark. App. 222, 225, 691 S.W.2d 196, 198 (1985) (citing *Garetson-Greason Lumber Co. v. Home L. & A. Co.*, 131 Ark. 525, 199 S.W. 547 (1917)). We have held that "the performance of [such condition] should be pleaded in the complaint." *Id*. An exclusion, on the other hand, exists when coverage generally exists, but some language in the policy eliminates that coverage. *See, e.g.*, *Parker v. S. Farm Bureau Cas. Ins. Co.*, 104 Ark. App. 301, 304, 292 S.W.3d 311, 314 (2009) ("Once it is determined that coverage exists, it then must be determined whether the exclusionary language within the policy eliminates that coverage.").

At issue in the instant case is the "unoccupancy" provision in the insurance policy. Admittedly, this provision is contained in the policy under the heading of "**CONDITIONS**." The provision, however, states that Farm Bureau "shall not be liable for any property loss *if you vacate or fail to occupy* the dwelling on the residence premises for a period of sixty (60) consecutive days." (Emphasis added.) We believe that this language

presupposes that coverage exists but can be eliminated by Farm Bureau based on some action on the part of the insured. Therefore, we conclude that the policy language in this case is an exclusion, despite the caption heading.

In reaching this conclusion, we keep in mind the supreme court's admonition that if there is doubt or uncertainty as to the policy's meaning and it is fairly susceptible of two interpretations, one favorable to the insured and the other favorable to the insurer, the former will be adopted. *Ryman*, 309 Ark. at 287, 831 S.W.2d at 135. It is the duty of the court to strongly construe provisions contained in a policy of insurance against the insurance company that prepared it, and if a reasonable construction may be given to the contract that would justify recovery, we must do so. *Id.*

Having determined that the policy language is an exclusion, we conclude that Farm Bureau has the burden of proof. Arkansas law is clear on this issue. The supreme court has stated as follows:

> [W]e are committed to the rule that, when proof is made of loss or damage apparently within a policy of insurance, the burden is *on the insurer* to show that the loss or injury was from an excepted risk or cause. *Life & Casualty Ins. Co. of Tennessee v. Barefield*, 187 Ark. 676, 61 S.W.2d 698; *So. Nat'l Ins. Co. v. Pillow*, 206 Ark. 769, 177 S.W.2d 763. This is the rule ordinarily applied *where the insurer claims vacancy or nonoccupancy and the burden is clearly upon it to prove* such affirmative defense.

*Willis v. Denson*, 228 Ark. 145, 147, 306 S.W.2d 106, 108 (1957) (emphasis added); *see also Ryman, supra*. We therefore reject Farm Bureau's argument that Davenport, as the insured, bore the burden of proof.

We now turn to Farm Bureau's argument that the circuit court should have granted its directed-verdict motion because, it contends, the proof showed that Davenport's house

5

was "unoccupied" for more than sixty days. In determining whether a directed verdict should have been granted, this court reviews the evidence in the light most favorable to the party against whom the verdict was sought and gives it its highest probative value, taking into account all reasonable inferences deducible from it. *Higginbotham v. Graham*, 2013 Ark. App. 397, at 1 (citing *Woodall v. Chuck Dory Auto Sales, Inc.*, 347 Ark. 260, 264, 61 S.W.3d 835, 838 (2001)). A motion for directed verdict should be granted only if there is no substantial evidence to support a jury verdict. *Id.* A motion for a directed verdict should be denied when there is a conflict in the evidence or when the evidence is such that fair-minded people might reach different conclusions. *Conagra, Inc. v. Strother*, 340 Ark. 672, 675–76, 13 S.W.3d 150, 152 (2000). Under such circumstances, a jury question is presented, and a directed verdict is inappropriate. *Id.* at 676, 13 S.W.3d at 152.

Farm Bureau's argument hinges on both the meaning and the application of the word "unoccupied." The meaning of the word "unoccupied" is a question of law. *Farmers Fire Ins. v. Farris*, 224 Ark. 736, 737, 276 S.W.2d 44, 45 (1955). We have defined "unoccupied" as "meaning without animate occupants" and have stated that a place of habitation "is 'unoccupied' when it has ceased to be a customary place of habitation or abode, and no one is living or residing in it." *Nat'l Sec. Fire & Cas. Co. v. Williams*, 16 Ark. App. 182, 698 S.W.2d 811 (1985) (citing *Duckworth v. Peoples Indem. Ins. Co.*, 235 Ark. 67, 357 S.W.2d 26 (1962)).

The application of the word "unoccupied," on the other hand, is a question of fact. *Farris*, 224 Ark. at 737, 276 S.W.2d at 45. When the undisputed facts as naturally interpreted show vacancy and unoccupancy, it becomes the duty of the court to direct a verdict for the

insurer. Ordinarily, however, "the question whether a building is vacant or unoccupied at the time a loss occurs is one of fact for the jury." *Id*. at 739, 276 S.W.2d at 46. Thus, when the facts are in dispute, a circuit court's decision to deny a directed-verdict motion will be affirmed. *Williams*, 16 Ark. App. at 187, 357 S.W.2d at 814.

With these numerous standards in mind, we finally turn to the evidence presented to the jury in this case. As mentioned above, Davenport owned two homes. Prior to 2009, Davenport and her husband usually spent more time in the Hudspeth home than they did in their Michigan home. In June 2009, Davenport's husband, Franklin, had a major stroke while they were at their home in Michigan. Afterward, they did not return to the Hudspeth home as frequently. The Davenports returned to Arkansas around Thanksgiving of 2009, and again in April 2010. Although the Davenports did not return to the Hudspeth house after April 2010, their son, Kevin, stayed there on at least two occasions—September 10 and 17, 2010. Although Kevin is an adult, he was depicted to the jury as a dependent of the Davenports because he had lived full time at home with his parents from June 2008 through November 2010, and worked only part time.

In September 2010, while the Davenports were in Michigan, two individuals broke into the Hudspeth house, stole some items, and set the house on fire. At the time of the fire, the Hudspeth house was fully furnished, was equipped with fully functioning utilities, and food was stocked in the refrigerator and the freezer.

On appeal, Farm Bureau argues that there was inadequate evidence of occupancy by an insured. Essentially, it claims that Kevin Davenport's two overnight stays were insufficient to render the home "occupied." However, because the question whether a building is vacant

7

or unoccupied at the time a loss occurs is one of fact for the jury, *see Farris*, 224 Ark. at 739, 276 S.W.2d at 46, we cannot say that the circuit court erred in denying Farm Bureau's motion for directed verdict. *See Fayetteville Diagnostic Clinic, Ltd. v. Turner*, 344 Ark. 490, 42 S.W.3d 420 (2001) (holding that a motion for directed verdict should be denied when there is a conflict in the evidence or when the evidence is such that fair-minded people might reach different conclusions).

## II. *Denial of Motion for Judgment Notwithstanding the Verdict*

Farm Bureau's second argument on appeal is that the circuit court erred in denying its motion for JNOV. A circuit court is to evaluate a motion for JNOV by deciding whether the evidence is sufficient for the case to be submitted to the jury—that is, whether the case constitutes a prima facie case for relief. *S. Farm Bureau Cas. Co. v. Spears*, 360 Ark. 200, 200 S.W.3d 436 (2004). In making that determination, the circuit court does not weigh the evidence; rather, the circuit court is to view the evidence in a light most favorable to the party opposing the motion. *Id*. The standard of review for a motion for JNOV is whether there is substantial evidence to support the jury verdict. *Id*. Substantial evidence is evidence of sufficient force and character to compel a conclusion one way or the other with reasonable certainty; it must force the mind to pass beyond suspicion or conjecture. *Id*.

Farm Bureau's argument in this point on appeal is identical to its argument with respect to the circuit court's denial of its motion for directed verdict. We therefore find it unnecessary to address this point in depth, and we affirm the denial of Farm Bureau's motion for JNOV.



### III.  *Rejection of Proffered Jury Instruction D-1*

In its third point on appeal, Farm Bureau argues that the circuit court erred in rejecting its proffered jury instruction D-1. At trial, Farm Bureau proffered the following instruction as D-1:

You are instructed that before Plaintiff can recover from Defendant in this action, she must prove by preponderance of the evidence the following propositions:

1.  That Defendant Farm Bureau Mutual Insurance Company of Arkansas, Inc. issued a homeowner's policy to Plaintiff for property at 189 Hudspeth, Palestine, Arkansas, and owned by Plaintiff; and

2.  That a fire occurred during the term of the insurance policy; and

3.  That at the time of the fire at 189 Hudspeth, Palestine, Arkansas, the dwelling on the property was not unoccupied for a period of sixty (60) consecutive days; and

4.  That the Defendant has not paid any sums to the Plaintiff for the loss incurred from the fire which occurred on September 20, 2010 at 189 Hudspeth, Palestine Arkansas.

The circuit court rejected the proffer and instructed the jury with only the first, second, and fourth paragraphs set out above.

On appeal, Farm Bureau contends that the circuit court's rejection and excision of paragraph three of its proffered instruction was error. Under Arkansas law, a party is entitled to a jury instruction when it is a correct statement of the law and there is some basis in the evidence to support giving the instruction. *ProAssurance Indem. Co., Inc. v. Metheny*, 2012 Ark. 461, 425 S.W.3d 689. We will not reverse a circuit court's refusal to give a proffered instruction unless there was an abuse of discretion. *Id*.

Farm Bureau's argument is premised on its theory that Davenport bore the burden of proving that her residence was not unoccupied. As discussed above, however, the burden of proving that the home was not unoccupied for more than sixty days did not fall on Davenport. An instruction to that effect would thus not have been a correct statement of the law. We therefore hold that the circuit court did not abuse its discretion in rejecting Farm Bureau's proffered jury instruction D–1.

IV.  *Rejection of Proffered Jury Instructions D-2 and D-3*

Finally, Farm Bureau argues that the court erred in rejecting two additional jury instructions that it proffered. Those instructions were as follows:

Instruction No. D–2:

The word "inhabit" means to dwell in; to occupy permanently or habitually as a residence. (*Black's Law Dictionary* 7th ed. 1999.)

Instruction No. D–3:

The word "inhabitant" means one who resides actually and permanently in a given place and has his domicile there.

On appeal, Farm Bureau argues that the terms "inhabit" and "inhabitant" are not defined in the policy, and the circuit court therefore should have allowed it to instruct the jury with the definitions of these words. Davenport replies with several points. First, she notes that Farm Bureau had her read these very definitions in front of the jury. Second, she correctly points out that the circuit court *did* instruct the jury with AMI Civ. 2413, which provides that the words of a contract are to be given their common and ordinary meaning, and if Farm Bureau had wanted "inhabit" and "inhabitant" to have something other than their common and ordinary meaning, it could have defined them in the policy but did not.

Third, Davenport asserts that Farm Bureau can show no prejudice from the rejection of the instruction because "if given, the instruction would only have given the jury the exact definition that Mrs. Davenport read to them during her testimony at trial." In fact, we note that Farm Bureau was allowed, during its closing statements, to argue to the jury about the definition of "inhabitant" and its common use.

We agree with Davenport and conclude that Farm Bureau was not prejudiced by the rejection of these proffered instructions. Accordingly, the circuit court did not abuse its discretion in refusing to give them. *See, e.g.*, *Belz-Burrows, L.P. v. Cameron Constr. Co.*, 78 Ark. App. 84, 78 S.W.3d 126 (2002) (concluding that where circuit court's refusal to give requested instruction did not result in prejudice, it did not amount to an abuse of discretion).

Affirmed.

GRUBER, C.J., and VIRDEN, J., agree.

*Philip Hicky II LTD*, by: *Phil Hicky* and *Jessica J. Trail*, for appellant.

*Daggett, Donovan & Perry*, by: *Jesse B. Daggett* and *Joe R. Perry*, for appellee.